■ EDGAR PALMIERI et al., Appellants, v. ROMAT REALTY CORPORATION et al., Respondents.— Order, Supreme Court, New York County, entered February 13, 1974, denying plaintiffs' motion to renew their prior motion to open the default and to restore the action to the calendar, unanimously reversed, on the facts and in the exercise of discretion, without costs and disbursements, and plaintiffs' motion granted and, upon renewal, plaintiffs' motion to open the default and to restore the action to the calendar is granted and defendant Romat Realty Corporation's cross motion for an order dismissing the action is denied. Appeal from the order, Supreme Court, New York County, entered December 11, 1973, denying plaintiffs' motion to open the default and to restore the action to the calendar and granting defendant Romat Realty Corporation's cross motion for an order dismissing the action, is unanimously dismissed, without costs and disbursements, as academic. Although plaintiffs denominated their motion which culminated in the order entered February 3, 1974 as one seeking "reargument", it is patent that new papers and additional facts which existed at the time the prior motion was made were brought to the court's attention warranting leave to renew. Upon such renewal, the factors to be considered on plaintiffs' motion to vacate the default and to restore the action to the calendar are the affidavit of merit, sufficiency of the excuse for the delay, prejudice, the progress of the case and intent to abandon (see *Marco* v. *Sachs*, 10 N Y 2d 542; *Romero* v. *Amerling Rental & Leasing Systems*, 43 A D 2d 519). The affidavit of merit being adequate, the remaining critical issue is that of delay. On March 18, 1973, the action was automatically deemed abandoned and dismissed, the statement of readiness having been stricken on February 18, 1972, and one year having elapsed without the case being restored. The motion to restore was made some eight months later. Law office failure is not, of itself, sufficient excuse for delay. However, scrutiny of the record herein impels the conclusion that there was no intent to abandon the case on either side. This conclusion is warranted by, *inter alia*, the following: a request was sent on defendants' behalf on January 17, 1973 for particulars as to "special damages"; plaintiffs on January 26, 1973 sent a letter and stipulation seeking restoration of this action to the calendar; on January 29, 1973, defendants informed plaintiffs that hospital record authorizations must be sent before they would consider the stipulation to restore; by letter dated August 30, 1973, defendants urged corrective steps "within 10 days" or the case would be deemed abandoned and, significantly, during September, 1973, defendants served a third-party summons and complaint. Defendants assert that they will suffer prejudice if the action is restored, because plaintiff Edgar

Palmieri died in February, 1973 and they therefore have been deprived of a physical examination. This argument is of no avail. Plaintiffs served a notice of availability for physical examination on January 20, 1971, over one year prior to the action having been stricken from the calendar. Subdivision (a) of section 660.11 of the rules of the Supreme Court (22 NYCRR 660.11 [a]) requires that the examination be held not later than 30 nor more than 40 days after service, absent a stipulation. No stipulation having been entered into, defendants are deemed to have waived the examination (see *Delgado* v. *Fogle*, 32 A D 2d 85). Concur — Markewich, J. P., Murphy, Lupiano, Tilzer and Lane, JJ.