■ RUTGER FABRICS CORPORATION et al., Appellants, v UNITED STATES LAMINATING CORPORATION et al., Respondents. — Order, Supreme Court, New York County (David Edwards, J.), entered February 28, 1984, denying plaintiffs' motion to (1) excuse their default in failing to restore the action to the calendar, (2) vacate the dismissal of the action pursuant to CPLR 3404 and (3) restore the case to the calendar, unanimously reversed, on the law, on the facts and in the exercise of discretion, without costs or disbursements, to grant the motion, vacate the default and restore the case to the calendar, on condition that plaintiffs' attorneys personally pay costs in the sum of $1,000 to defendant within 20 days after service of a copy of the order to be entered on the appeal. Upon the failure to comply with the foregoing, the order is affirmed, with costs and disbursements to defendants.

Special Term, denying the motion to excuse the default, cited the long period of delay on the part of plaintiffs' attorneys in preparing the case for trial. While some period of time could be excused as a result of counsel's illness and the breakup of a partnership, it is clear that, in terms of trial preparation, there was a great deal of inaction on the part of the attorneys. As held at Special Term, the pendency of a motion to serve an amended pleading did not relieve counsel of the obligation to restore the action to the calendar within the required one-year period, since the dismissal under CPLR 3404 is self-executing.

Nevertheless, pursuant to CPLR 2005, we may, in our discretion, excuse the delay and vacate the default which resulted from law office failure. On such a motion, it must be demonstrated that there was a sufficient excuse for the default, that the defaulting party has a meritorious cause of action or defense

and that no prejudice will result to the adverse party (*Palmieri v Romat Realty Corp.,* 45 AD2d 948). This standard applies to motions to excuse a default where an action has been automatically dismissed upon the failure of a party to restore the case to the calendar under CPLR 3404 (*see, Pirnak v Savino,* 96 AD2d 857).

CPLR 3404 creates a presumption that the action has been abandoned where it has not been restored to the calendar within the one-year period but the presumption is rebuttable and does not apply where litigation in the case is actually in progress (*see, Marco v Sachs,* 10 NY2d 542, 550; *Sygman v Pep Fashions,* 87 AD2d 787). As applied here, while there was less than due diligence exercised by plaintiffs' attorneys in moving the case to trial, it does appear that plaintiffs do have a meritorious claim and no real prejudice would result were the action to be restored to the calendar. Moreover, there were proceedings in preparation for trial during the period and, under the circumstances, dismissal of the action because of counsel's inaction would be unjustifiably harsh. In our view, a monetary sanction is appropriate with the case to proceed to a disposition on the merits. Concur — Kupferman, J. P., Ross, Lynch, Kassal and Rosenberger, JJ.