■ ALFRED CHIN, Appellant, v YING PING FUNG, Defendant, and CONSOLIDATED EDISON et al., Respondents. WEIL McLAIN COMPANY, Also Known as WYLAIN, INC., Third-Party Plaintiff, v WHITE ROGERS, a Division of EMERSON ELECTRIC Co., Third-Party Defendant.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on September 11, 1985, which granted the motion and cross motion by defendants Weil McLain Company and Consolidated Edison to dismiss plaintiff's complaint pursuant to CPLR 3404, is reversed on the law, the facts and in the exercise of discretion, and the motion and cross motion to dismiss are denied, without costs or disbursements.

This is an action to recover damages for personal injuries allegedly sustained by plaintiff as the result of a boiler explosion which occurred on June 11, 1975. The summons and verified complaint were served on or about June 30, 1978, and defendants thereafter served their answer. In or about March of 1981, plaintiff's prior counsel attempted to file a note of issue with the court, but the clerk returned the papers, advising that they contained technical defects. However, plaintiff's attorney failed to recalendar the case or re-serve the note of issue. By notice of motion dated April 14, 1981, defendant Weil McLain Company, apparently unaware that plaintiff's note of issue had been rejected by the court, moved to strike the matter from the calendar. Plaintiff did not oppose the motion, and the court, also unapprised of the fact that no note of issue had ever been filed, granted the motion on default.

During the following three years, various discovery and inspection proceedings took place, and on March 15, 1984, the parties participated in a precalendar conference. At that time, the court issued an order requiring that all physical examinations, depositions and other discovery be completed and that the case be noticed for trial on or before August 24, 1984. None of the defendants raised the question of plaintiff's alleged default or that no note of issue had actually ever been filed. Yet, some three months after the pretrial conference, in a letter dated June 11, 1984, counsel for defendant Consolidated Edison informed plaintiff's current lawyer that the action had been marked off-calendar in 1981 and had never been restored. Plaintiff's attorney replied by letter dated June 18, 1984 that since the matter was never placed on the

calendar, it could not have been stricken and, therefore, the court's order to that effect was the result of a misunderstanding. In April of 1985, more than 10 months after the exchange of letters by counsel for Consolidated Edison and plaintiff, defendant Weil McLain Company moved, and Consolidated Edison cross-moved, to dismiss the complaint pursuant to CPLR 3404. Defendants' motions were granted, and the instant appeal ensued.

An examination of the record herein reveals that all of the parties involved, both plaintiff and defendants, must share some of the responsibility for the procedural morass into which this case has fallen. While it is true that plaintiff's first lawyer never initially calendared the case, and his second attorney failed to remedy the situation and did not move to vacate the 1981 order which struck the matter from the calendar, defendants' counsel nevertheless continued to participate in discovery proceedings and attended the precalendar conference exactly as if a note of issue had indeed been filed and the 1981 order had not been issued. Not until 1985, some four years subsequent to the order granting the motion to strike, did defendants finally submit their motion to dismiss.

According to CPLR 3404, a case "marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute." In that regard, it should be noted that there is merit to plaintiff's contention that an order striking a case which has never been calendared in the first place has questionable legal effect. Moreover, even where a case has been stricken, "CPLR 3404 creates a presumption that the action has been abandoned where it has not been restored to the calendar within the one-year period but the presumption is rebuttable and does not apply where litigation in the case is actually in progress" (*Rutger Fabrics Corp. v United States Laminating Corp.,* 111 AD2d 40, 41). As the Court of Appeals stated in *Marco v Sachs* (10 NY2d 542, 550), in discussing the predecessor provision to CPLR 3404, "[w]e think that rule 302 [of the Rules of Civil Practice] was adopted for the purpose of getting rid of cases that are actually dead by striking them from the calendars". The phrase "deemed abandoned" was meant to suggest a presumption, the court explained therein, and not a fixed and immutable policy of dismissal. Thus, as in the situation before us now, where the conduct of the parties in proceeding with pretrial practice demonstrates a lack of intent to abandon the action and no actual prejudice has been

shown, dismissal of the complaint is unwarranted. Concur—Fein, J. P., Milonas, Kassal, Ellerin and Wallach, JJ.