■ JOSEPH BELTRANI et al., Respondents, v DENNIS V. MIRABILE, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendant Mirabile appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), entered April 9, 1987, which denied his motion to vacate the plaintiffs' note of issue and certificate of readiness and to strike the action from the Trial Calendar.

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, it was not an improvident exercise of discretion to deny the motion to vacate the plaintiffs' note of issue and certificate of readiness. While CPLR 3404 creates a rebuttable presumption that an action marked off the Trial Calendar and not restored for a period of one year has been abandoned, such presumption does not apply where litigation in the case is actually in progress *(see, Chin v Ying Ping Fung,* 126 AD2d 415, 416; *Rutger Fabrics Corp. v United States Laminating Corp.,* 111 AD2d 40, 41). The subject rule "was adopted for the purpose of getting rid of cases that are actually dead by striking them from the calendars" *(Marco v Sachs,* 10 NY2d 542, 550, *rearg denied* 11 NY2d 766). In the instant case, the motion practice and further discovery conducted by the parties subsequent to the time the case was marked off the Trial Calendar on May 6, 1985, clearly evinces an intent to pursue rather than abandon the action. Moreover, the appellant should not be permitted to profit from delays which were caused, in large measure, by his own conduct *(see, Gaffy v Buffalo Gen. Hosp.,* 55 AD2d 850, 851; *accord, Morhaim v Morhaim,* 81 AD2d 790, 791). Under the circumstances, his motion to vacate the plaintiffs' note of issue and certificate of readiness and to strike the action from the Trial Calendar was properly denied. Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.