■ ANDREW L. LOMBER, Respondent, v CAROLYN C. FARROW, as Executrix of REGINALD C. FARROW, Deceased, et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Ellison, J.), entered May 5, 1989 in Tompkins County, which granted plaintiff's motion to serve an amended bill of particulars and denied defendants' cross motion to dismiss the complaint for failure to prosecute.

The facts underlying this medical malpractice action have been detailed earlier (see, Lomber v Farrow, 91 AD2d 725). On this appeal, only the procedural posture is relevant.

On August 20, 1984, in a timely response to a 90-day demand (see, CPLR 3216 [b] [3]), plaintiff served a note of issue and mailed a copy to the County Clerk for filing. A calendar practice rule of the Sixth Judicial District in effect at the time relating to medical malpractice suits provided as follows: "when a note of issue in a medical malpractice action is filed and after the court clerk has notified in writing the Presiding Justice of the Appellate Division of the filing, the court clerk shall then strike the action from the trial calendar with leave to any party to the action, after the panel report has been filed and the action is ready for trial, to file a new note of issue with a statement of readiness without payment of another fee therefor." Implementing this rule, it was the Supreme Court Clerk's practice when a note of issue was filed in a medical malpractice action not to place the case on the court calendar until after the medical malpractice panel hearing had been concluded, and then only after one of the parties had refiled the note of issue. Consistent with this procedure, the Supreme Court Clerk "struck" the note of issue

and advised the Appellate Division of the pending lawsuit. On September 12, 1985, more than one year after the note of issue had been filed, the medical malpractice panel convened and shortly thereafter issued a report indicating that it was unable to arrive at a decision respecting defendants' alleged malpractice.

Plaintiff spent the next three years attempting to locate a qualified expert willing to testify on his behalf. At last successful, plaintiff prepared and served an amended bill of particulars in November 1988. Defendants' counsel, claiming that the action had been dismissed as abandoned, returned the amended bill. Plaintiff then brought the instant motion to compel defendants to accept the amended bill of particulars pursuant to CPLR 3042 (g); defendants, relying on CPLR 3404 and 3216, cross-moved to dismiss the action as abandoned. Supreme Court granted plaintiff's motion and denied defendants' cross motion. Defendants' principal argument on appeal is that Supreme Court erred when it concluded that CPLR 3404, providing for automatic dismissal of the action, was inapplicable, for this case had never been placed on the court calendar. We affirm.

CPLR 3404 was adopted to clear congested court calendars of cases which are actually dead; surely, it was not intended to be so rigidly applied as to preclude actively litigating parties from completing a legislatively dictated pretrial procedure designed to facilitate disposition of medical malpractice claims *(see,* Judiciary Law § 148-a; *Marco v Sachs,* 10 NY2d 542, 550, *overruled on other grounds in Til v O'Brien,* 40 NY2d 902). Here, the malpractice panel hearing was not even conducted until more than a year after plaintiff's note of issue was filed. Inflexible application of CPLR 3404 in this instance would accomplish the unsalutary, and more importantly unjust, result of bringing about the dismissal of litigation which was actually in progress, but arrested for panel review. The Legislature did not intend such a "fixed and immutable policy of dismissal" *(Marco v Sachs, supra,* at 550).

In any event, the phrase "deemed abandoned" contained in CPLR 3404 merely creates a rebuttable presumption that the prosecuting party intended to renounce the claim *(see, supra; see also,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3404 [1990 Supp Pamph], at 43; *Beltrani v Mirabile,* 141 AD2d 688, 689). That the presumption does not apply in this instance is apparent from the fact that plaintiff spent the three years following the malpractice hearing locating an expert qualified in orthopedic surgery,

familiar with polio-induced growth arrest procedures, who was willing to testify on his behalf; before the panel hearing, to plaintiff's distress, an expert retained by plaintiff, who had previously advised that plaintiff's disability was the product of malpractice, declined to be identified with the suit against his fellow doctors. This search for another expert and service of the proposed amended bill of particulars amply demonstrate that plaintiff's intention to pursue the action remained undiminished *(see, e.g., Curtin v Grand Union Co.,* 124 AD2d 918, 919). Moreover, the uncontroverted affidavit of the Supreme Court Clerk makes clear that this action was never on the court calendar *(see, Chin v Ying Ping Fung,* 126 AD2d 415, 416).

Nor are defendants entitled to dismissal under CPLR 3216, for they never served a written demand requiring plaintiff to resume prosecuting the action after the panel determination *(see,* CPLR 3216 [b] [3]; Sixth Judicial District Calendar Practice Rules, Medical Malpractice Actions, No. 2; *see also, Thompson v Thompson,* 103 AD2d 772, 773).

Lastly, because leave to amend bills of particulars is to be given freely *(see, Koch v St. Francis Hosp.,* 112 AD2d 142, 143) and defendants allege no resulting prejudice, plaintiff's motion to amend his bill of particulars and re-serve the same was properly granted.

Order affirmed, with costs. Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.