■ ROBERT DRUCKER et al., Appellants, v PROGRESSIVE ENTERPRISES, INC., et al., Respondents.—In an action, *inter alia,*

to recover damages for forcible eviction and assault, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Delaney, J.), entered October 18, 1989, which granted the defendants' motion to dismiss the action as abandoned pursuant to CPLR 3404.

Ordered that the order is reversed, as a matter of discretion, without costs or disbursements, and the motion is denied, on condition that the plaintiffs' attorney personally pays $1,000 to the defendants within 20 days after service upon him of a copy of this decision and order, with notice of entry; in the event that that condition is not complied with, then the order is affirmed, with costs.

We find under the circumstances of this case that the Supreme Court improvidently exercised its discretion in granting the defendants' motion to dismiss the action as abandoned. Although CPLR 3404 creates a presumption that an action has been abandoned when a plaintiff fails to restore the case to the trial calendar within one year after it has been marked off the calendar, the presumption is rebuttable and does not apply where litigation in the case is actually in progress (see, Beltrani v Mirabile, 141 AD2d 688; Chin v Ying Ping Fung, 126 AD2d 415, 416; Rutger Fabrics Corp. v United States Laminating Corp., 111 AD2d 40, 41). Review of the procedural history of the matter before us reveals that the plaintiffs' counsel has not exercised diligence in moving this case to trial. Nevertheless, during the period after the note of issue and certificate of readiness were stricken from the calendar, the parties' attorneys engaged in discovery proceedings and motion practice and otherwise proceeded with a course of conduct evincing a lack of intent to abandon the action. Although the plaintiffs' counsel clearly failed to meet other time restrictions imposed by the court, he filed a second note of issue and certificate of readiness upon the court's final direction that he do so by May 22, 1989. The second note of issue was filed on May 15, 1989. Only then did the defendants' counsel move to dismiss the action pursuant to CPLR 3404. There is no indication in the record of prejudice to the defendants. Under the circumstances, dismissal of the action pursuant to the provisions of CPLR 3404 would be unjustifiably harsh. The imposition of a monetary sanction adequately compensates the defendants for any inconvenience attributable to the delays (cf., Rutger Fabrics Corp. v United States Laminating Corp., supra). Thompson, J. P., Eiber, Balletta and O'Brien, JJ., concur.