■ RUTH FIALKOFF, Respondent, v CRT SURGICAL ASSOCIATES, P. C., et al., Appellants, et al., Defendant.—In a medical malpractice action to recover damages for personal injuries, the defendants CRT Surgical Associates, P. C., and James L. Chassin appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hentel, J.), dated September 13, 1989, as denied that branch of their motion which was to impose sanctions on the plaintiff for failure to provide certain medical authorizations.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 1987 the plaintiff served and filed a certificate of readiness in this medical malpractice action in accordance with the court rules and with an order issued following a preliminary conference (see, 22 NYCRR 202.21, 202.56 [a] [1] [ii], [iv]). One year later, the appellants demanded authorizations to obtain medical records concerning treatment which the plaintiff claims predates and is irrelevant to the alleged malpractice on which this action is based. Nine months later, the appellants served demands for yet additional authorizations and thereafter moved to impose sanctions for willful failure to comply with both sets of demands. Except with

respect to one authorization not at issue on this appeal, the Supreme Court denied the motion on the ground that the appellants failed to demonstrate that the records sought were material. We affirm, but for different reasons.

Although no note of issue could be filed because of the requirement that this case be heard by a medical malpractice panel (see, Judiciary Law former § 148-a; see also, 22 NYCRR 202.21 [a]; 202.56 [a] [1] [iv]), this case was otherwise certified ready for trial without objection from any defendant (cf., 22 NYCRR 202.21 [e]) long before the appellants served the demands presently at issue and long after disclosure issues were addressed at the preliminary conference (see, Foster v Hastings, 122 AD2d 20). Under the circumstances, the appellants waived their right to additional disclosure and have failed to demonstrate special circumstances warranting further disclosure (cf., 22 NYCRR 202.21 [d], [e]; Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp., 74 AD2d 734; Cerrone v S'Doia, 11 AD2d 350). Thompson, J. P., Bracken, Harwood and Balletta, JJ., concur.