■ PAULINE V. PIERCE, as Executrix of the Estate of FRANK W. PIERCE, Deceased, Respondent, v MEMORIAL HOSPITAL et al., Appellants.—Crew III, J. Appeal from an order of the Supreme Court (Kahn, J.), entered May 6, 1992 in Albany County, which, *inter alia,* denied defendants' motions to dismiss the complaint as abandoned.

In June 1984, plaintiff commenced this wrongful death action alleging that defendants committed malpractice in the care and treatment of plaintiff's decedent. Thereafter, on or about September 2, 1988, plaintiff purported to file a note of issue. Approximately one year later, plaintiff requested that Supreme Court hold a preliminary conference for the purpose of scheduling a medical malpractice panel and defendant Memorial Hospital requested that the scheduling of the medical malpractice panel be delayed pending plaintiff's examination before trial. On October 6, 1989, Supreme Court *sua sponte* struck the note of issue on the ground, *inter alia,* that a medical malpractice hearing had not been conducted.

Plaintiff's examination before trial was conducted in December 1989 and various discovery demands were made by Memorial Hospital in January 1990 and February 1990. It appears, however, that there was no further activity on the case until October 1991, when defendants brought the instant motions to dismiss on the ground that the case was abandoned pursuant to the provisions of CPLR 3404. Plaintiff cross-moved for an order granting her leave to file a note of issue or, in the alternative, an order restoring the case to the trial calendar. Supreme Court denied defendants' respective motions and granted plaintiff's cross motion, finding that plaintiff met her burden of overcoming the presumption of abandonment created by CPLR 3404. This appeal by defendants followed.

We affirm, but for reasons different than those posited by Supreme Court. At the time plaintiff purportedly "filed" a note of issue in 1988, this case was governed by the provisions of Judiciary Law former § 148-a, 22 NYCRR former 202.21 (a) and (b) and former 202.56 (d) (2). Pursuant thereto, no note of issue could be filed because of the requirement that this case be heard by a medical malpractice panel and, indeed, the clerk was prohibited from accepting the note of issue until the panel procedures had been completed *(see, Fialkoff v CRT Surgical Assocs.,* 175 AD2d 235, 236; *see also,* 22 NYCRR former 202.21 [b]). The filing of the note of issue by plaintiff, therefore, was a nullity and the provisions of CPLR 3404, providing for automatic dismissal of the action, were inapplicable because this case had never been properly placed on the court calendar *(see, Lomber v Farrow,* 160 AD2d 1146). While Supreme Court was within its discretionary authority to permit the filing of a note of issue without payment of an additional fee, inasmuch as such fee was previously paid in plaintiff's aborted attempt to file a note of issue, Supreme Court's order restoring the case to the calendar was inappro-

priate in that the case had never been on the calendar. Accordingly, Supreme Court's decision and order should be modified by permitting plaintiff to file a note of issue without payment of an additional fee therefor.

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by permitting plaintiff to file a note of issue without payment of an additional fee, and, as so modified, affirmed.