■ RUTH ROBERSON, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [600 NYS2d 948] —In an action to recover damages for

personal injuries, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Hurwitz, J.), dated June 4, 1991, which granted the plaintiff's motion to restore the matter to the trial calendar.

Ordered that the order is affirmed, with costs.

The instant action was "marked off" the trial calendar when the parties failed to appear for a "status conference". The plaintiff successfully moved to restore this action to the trial calendar on the ground that she had not received notice of the status conference.

The appellant contends that because the motion to restore the action was made more than one year after it had been struck, it should be deemed abandoned pursuant to CPLR 3404. The plaintiff maintains that her motion was made within a year after the case was struck.

Although the record is not clear, even assuming that the motion was not made within one year, the presumption of abandonment under CPLR 3404 was rebutted since litigation continued to be actually in progress. The appellant moved to inspect the Grand Jury minutes in a related criminal action and appealed from the order denying that motion. There was also further discovery in relation to this action. Clearly, there was no intent to abandon the action *(see, Marco v Sachs,* 10 NY2d 542; *Drucker v Progressive Enters.,* 172 AD2d 481; *Beltrani v Mirabile,* 141 AD2d 688). Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.