■ ANNA MASINO, Respondent, v GERALD WISLA, Defendant, and GLORIA BLETTER et al., Appellants. (And a Third- and

Fourth-Party Action.) [607 NYS2d 341] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about November 12, 1992, which denied defendants' motions to strike the note of issue, and granted plaintiff's cross-motion to restore the action to the trial calendar, unanimously affirmed, without costs.

The plaintiff's motion to restore this case to the trial calendar was properly deemed both a motion to vacate the automatic dismissal and one to restore it to the trial calendar *(Malpass v Mavis Tire Supply Corp.,* 143 AD2d 890, 890-891). The trial court properly found that plaintiff has met her burden of showing the merits of the malpractice claim, a reasonable excuse for the delay, a lack of intent to abandon, and lack of prejudice to the non-moving party *(see,* CPLR 3404).

Whether an affidavit by a party's attorney may establish the merits of its claim is dependent upon the nature of the claim, and thus ordinarily left to the discretion of the trial court *(Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). In this case, the trial court did not specifically articulate a finding of merit, but implicit in that court's decision to restore the case is the conclusion that this case is worthy of disposition on the merits. Furthermore, because the nature of this legal malpractice action is such that additional evidence is verifiable as a matter of public record, we concur with the trial court's implicit determination of merit, and finding of no prejudice.

Finally, plaintiff's excuse for delay is sufficient to warrant restoration of this action, in light of the fact that discovery and settlement negotiations evidence an absence of intent to abandon. Concur—Rosenberger, J. P., Ellerin, Kupferman and Nardelli, JJ.