■ MORTON B. ELLIOT et al., Appellants, v NYACK HOSPITAL et al., Defendants, and MARK FAGELMAN, Respondent. [612 NYS2d 271] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered April 29, 1992 in Rockland County, which, upon reconsideration, adhered to its prior decision, inter alia, denying plaintiffs' motion to restore this action to the trial calendar.

The trial of this medical malpractice action was adjourned on three occasions in 1990 due to plaintiffs' inability to procure an expert witness. On the third occasion, Supreme Court marked the case off the calendar. One year later, plaintiffs moved to restore it. Supreme Court denied the motion and, on reconsideration, adhered to its original decision. This appeal ensued.

We affirm. To prevail on a CPLR 3404 motion, the movant must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter and the lack of prejudice to the nonmoving party in the event the case is restored to the trial calendar (see, Civello v Grossman, 192 AD2d 636). In our opinion, Supreme Court did not

abuse its discretion in this instance because the affidavit of merit of plaintiffs' physician is wholly insufficient as it does not make specific observations as to the procedures or treatments performed or the alleged improprieties therein *(see, Nepomniaschi v Goldstein,* 182 AD2d 743, 744). Also, because nine years have passed since the commission of the alleged malpractice, we cannot conclude that defendants would not be significantly prejudiced if this action were restored to the trial calendar *(see, Hewitt v Booth Mem. Med. Ctr.,* 178 AD2d 401, 402).

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.