■ FABIO FLOCCUZIO et al., Appellants, v KENNETH GALLI, Respondent. [657 NYS2d 542] —Crew III, J. Appeals (1) from an order of the Supreme Court (Mycek, J.), entered December 13, 1995 in Schenectady County, which, *inter alia*, deemed the action abandoned, and (2) from an order of said court (Lynch, J.), entered October 15, 1996 in Schenectady County, which denied plaintiffs' motion to vacate an automatic dismissal and restore the case to the trial calendar.

Although not entirely clear from the record, it appears that plaintiffs commenced this action against defendant in April 1989 for breach of contract, breach of warranty, fraud, unjust enrichment, malicious prosecution, abuse of process, libel and slander based upon the unsuccessful completion of an oral contract for the purchase and sale of an automobile owned by defendant. After the matter was set down for trial, plaintiffs moved for leave to amend the complaint to add an additional defendant. On April 18, 1994, Supreme Court (Mycek, J.) granted plaintiffs' motion, struck the matter from the trial calendar and directed plaintiffs' counsel to submit an order. When counsel did so in November 1995—some 19 months later—Supreme Court, noting that the matter had been struck from the trial calendar and not restored within one year (*see*, CPLR 3404), declined to sign the proposed order. Plaintiffs subsequently moved to vacate the automatic dismissal and Supreme Court (Lynch, J.) denied the motion upon the ground that such relief previously had been denied by Justice Mycek. These appeals by plaintiffs ensued.

Inasmuch as "[a] dismissal under CPLR 3404 is a species of default" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:5, at 76; *see, Maida v Rite Aid Corp.*, 210 AD2d 589, 590), plaintiffs' remedy with respect to Justice Mycek's order was to move to vacate the default and, if necessary, appeal from the denial of that motion (*see, Matter of Hurst v Hurst*, 227 AD2d 689). Although plaintiffs'

counsel requested that plaintiffs be permitted to make a motion to restore the case to the trial calendar if in fact Justice Mycek considered the matter abandoned under CPLR 3404, which would require a showing of the usual factors necessary to vacate a default (*see, Maida v Rite Aid Corp., supra,* at 590), the record does not disclose that plaintiffs actually made such a motion before Justice Mycek. Having failed to do so, and inasmuch as no appeal lies from an order entered on default (*see, Matter of Hurst v Hurst, supra*), plaintiffs' appeal from Justice Mycek's order entered December 13, 1995 must be dismissed.

Having concluded that plaintiffs first moved to vacate the automatic dismissal before Justice Lynch, it necessarily follows that Justice Lynch erred in concluding that plaintiffs' motion should be denied upon the ground that such relief previously had been denied by Justice Mycek. This issue need not detain us, however, as the record demonstrates that plaintiffs cannot prevail upon their motion to restore in any event. "To prevail on a CPLR 3404 motion, the movant must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter and the lack of prejudice to the nonmoving party in the event the case is restored to the trial calendar" (*Elliot v Nyack Hosp.,* 204 AD2d 958; *see, Krantz v Scholtz,* 201 AD2d 784, 785, *lv dismissed* 83 NY2d 902). This plaintiffs failed to do. Among other things, the conclusory affidavit submitted by plaintiff Fabio Floccuzio does not contain sufficient evidentiary facts to establish that the causes of action alleged have merit. Plaintiffs' remaining contentions are equally unpersuasive.

Mikoll, J. P., Mercure, White and Peters, JJ., concur. Ordered that the appeal from the order entered December 13, 1995 is dismissed. Ordered that the order entered October 15, 1996 is modified, on the law and the facts, without costs, by denying plaintiffs' motion on the merits, and, as so modified, affirmed.