■ STEPHEN WEISS, Appellant, v CITY OF NEW YORK, Respondent. [669 NYS2d 33] —Order, Supreme Court, New York County (Walter Tolub, J.), entered January 16, 1997, limited by plaintiff-appellant's briefs, denied plaintiff's motion to restore this action to the trial calendar and directed the clerk to enter judgment in favor of defendant dismissing the action as abandoned, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the matter restored to the trial calendar.

In this personal injury action, plaintiff, a police officer, seeks recovery for severe hearing loss and related injuries allegedly resulting as a consequence of numerous cannon blasts near plaintiff when he was assigned to crowd control during "Opera-

tion Sail" at Battery Park on July 4, 1992. Plaintiff alleges that although, after the first shot of several 21-gun volleys, he complained to a superior officer about ringing in his ears, he was not provided with ear plugs until 45 minutes, and more than 100 cannon shots, later.

Plaintiff commenced this action in October 1992, alleging the defendant's failure to provide ear plugs as a cause of injury, and asserted claims sounding in negligence and a violation of General Municipal Law § 205-e. After completion of discovery, the matter was placed on the trial calendar in January 1994. A pre-trial conference was conducted on May 11, 1994, at which outside counsel appeared for plaintiff's law firm. A second conference was scheduled for October 31, 1994. Plaintiff's law firm, which contends that outside counsel never advised it that a second conference was scheduled, failed to appear, and the matter was marked off the trial calendar. Plaintiff's law firm maintained that it had no knowledge that the case was marked off. In excess of one year lapsed before plaintiff realized the case was marked off and moved to restore the matter to the trial calendar by motion dated July 8, 1996. However, in the interim, plaintiff's counsel forwarded medical records to the City on October 13, 1994, corresponded with plaintiff's physician to secure his medical evaluation report on October 14, 1994 and July 27, 1995, sent the report to the City on August 8, 1995 and notified the City on August 17, 1995 that plaintiff intended to call that physician as an expert witness at trial. On none of the occasions when counsel corresponded with the City indicating an ongoing interest in the litigation did the City inform plaintiff's counsel that the action had been marked off the trial calendar. Nevertheless, the IAS Court found that plaintiff had failed to rebut the presumption of abandonment arising under CPLR 3404 and had failed to offer a reasonable excuse for not timely moving to restore the matter within one year of it being marked off.

A case marked off the calendar and not restored within one year thereafter is deemed abandoned (CPLR 3404), although the presumption is rebuttable (*CCS Communication Control v Patent*, 193 AD2d 435) upon proof of a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the opposing party and a lack of intent to abandon the action (*Moye v City of New York*, 168 AD2d 342, *lv dismissed* 77 NY2d 940). In view of the underlying legislative intent to strike "actually dead" cases (*Marco v Sachs*, 10 NY2d 542, 550, *rearg denied* 11 NY2d 766; *Beltrani v Mirabile*, 141 AD2d 688), the court's order in this case was improvident. Given the brief pe-

riod of delay in this case, there is no discernible prejudice to the defendant if the action is restored (compare, *Rodriguez v Middle Atl. Auto Leasing*, 122 AD2d 720, *appeal dismissed* 69 NY2d 874 [case restored 16 years after accident]). Plaintiff's activities in the interim also evinced no intent to abandon the action. Although courts generally look to actual litigation subsequent to the matter being marked off the calendar as proof that the action is not abandoned (*see, e.g., CCS Communication Control v Patent, supra*), such as motion practice and further discovery (*supra; Beltrani v Mirabile, supra*), discovery was complete in this case and plaintiff was awaiting trial. Plaintiff's continued attention to outstanding matters during the interim sufficiently evinced his continued interest in the litigation. Counsel adequately explained the delay.

Finally, plaintiff provided adequate proof of the merits of the action to defeat defendant's contention that plaintiff failed to state a cause of action by operation of the "Fireman's Rule." The rule bars an action for common law negligence when "the injury sustained is related to the particular dangers which police officers are expected to assume as part of their duties" (*Cooper v City of New York*, 81 NY2d 584, 590), a "necessary connection [which] is present *where the performance of the police officer's * * * duties increased the risk of the injury happening, and did not merely furnish the occasion for the injury*" (*Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423, 439).

However, the present injury, insofar as it is alleged in the complaint, did not arise from hazards unique and peculiar to an officer's job and training such as tripping during pursuit (*Cosgriff v City of New York*, 241 AD2d 382), arresting a violent suspect (*Buckley v City of New York*, 176 AD2d 207, *lv denied* 79 NY2d 757) or escaped mental patient (*Santangelo v State of New York*, 71 NY2d 393), tripping when rapidly approaching demonstrators (*Zanghi v Niagara Frontier Transp. Commn.*, 203 AD2d 960, *affd* 85 NY2d 423, *supra*), subduing a dangerous animal (*Dowell v Bacarella*, 170 AD2d 435) or responding to an emergency call in a patrol car (*Cooper v City of New York, supra*). Rather, the exposure to cannon fire was merely incidental to the festivities that attracted the crowd, and the performance of plaintiff's duties merely furnished the occasion for the injuries. Plaintiff also properly states a claim under General Municipal Law § 205-e (*Cosgriff v City of New York, supra*). The supporting papers otherwise establish the merit of the claims. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.