■ CHARLES T. HARDMAN, as Administrator of the Estate of PIUS KAZLAUSKAS, Deceased, Appellant, v LONG ISLAND

UROLOGICAL ASSOCIATES, P. C., et al., Respondents. [678 NYS2d 365] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated May 13, 1997, which granted the defendants' motion for summary judgment dismissing the complaint, and denied his cross application for leave to serve an amended bill of particulars.

Ordered that the order is affirmed, with costs.

In February 1994 the 90-year-old decedent was allegedly injured when he fell from an examination table during an office visit to his physician, the defendant Dr. Robert Sunshine. The decedent had been escorted into the examination room by a nurse employed by the defendant Long Island Urological Associates, P. C. The nurse then waited while the decedent stepped up onto the examination table and seated himself without assistance. After the nurse left the decedent alone in the examination room, she heard a "bang", and returned to discover that he had fallen.

The plaintiff contends that the Supreme Court erred in granting the defendants' motion for summary judgment because the decedent's advanced age and medical condition are sufficient to create an issue of fact as to whether the nurse and Dr. Sunshine acted reasonably in leaving him unattended while he was seated upon the examination table. We disagree. The parties' evidentiary submissions establish that the decedent was able to walk with the aid of a cane at the time of his fall, and that he stepped up onto the examination table himself after declining an offer of assistance from the nurse. Moreover, the record is devoid of any evidence that the decedent was disoriented, or that his cognitive functions were in any way impaired. Under these circumstances, the Supreme Court properly concluded that there is no evidence to support a finding of negligence (see, Tober v Mount Sinai Hosp., 149 AD2d 692).

Furthermore, the court did not improvidently exercise its discretion in denying the plaintiff's cross application for leave to amend his bill of particulars to allege that the decedent was "infirm, frail, weak, [and] feeble" at the time of his fall. Although this proposed amendment was sought in response to the defendants' motion for summary judgment, the plaintiff submitted no evidentiary support for his claims regarding the decedent's medical condition. Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.