■ VIRGINIO CIPPITELLI et al., Appellants, v TOWN OF NISKAYUNA et al., Respondents. [681 NYS2d 645] —Mikoll, J. Appeal from an order of the Supreme Court (Lynch, J.), entered May 22, 1997 in Schenectady County, which granted defendants' motions to dismiss the complaint for failure to file a new note of issue within one year.

This matter was commenced in 1984. The amended complaint alleges that defendants Fred Jackson, Alexander Jackson and Jackson Demolition, Inc. (hereinafter collectively referred to as Jackson Demolition) used their property, adjoining plaintiffs' property in the Town of Niskayuna, Schenectady County, in a negligent manner by illegally operating a landfill on the property since 1978. Plaintiffs alleged that such use was a nuisance and that defendant Town of Niskayuna was negligent insofar as it permitted Jackson Demolition to operate the landfill in violation of certain local laws. Plaintiffs allege that the Town's negligence in this regard constitutes a cause of action for inverse condemnation of plaintiffs' property.

An initial trial commenced in 1990 and ended in a mistrial. A second trial was scheduled for 1992 which failed to occur. In 1995, after unsuccessful settlement negotiations, the matter was ordered to trial for January 1995. Plaintiffs' counsel withdrew from representation with Supreme Court's consent after the court found an irreconcilable breakdown in the client-attorney relationship. After several efforts to reschedule trial, Supreme Court struck the note of issue informing plaintiffs by letter, constituting the order of the court, that if the case was not restored within a year dismissal of the case would result.

A year later, Jackson Demolition moved to dismiss plaintiffs' complaint pursuant to CPLR 3404 on the ground that plaintiffs abandoned the case. By cross motion, the Town moved to dismiss the complaint on the same ground. Plaintiffs, appearing *pro se*, opposed the motions and sought to have the case restored to the calendar. Supreme Court found that plaintiffs failed to satisfy the criteria necessary to restore the case to the calendar and granted defendants' motions dismissing the complaint. Plaintiffs appeal.

This matter is not properly before this Court and we decline to address the arguments raised as to the propriety of Supreme Court's dismissal. A dismissal made pursuant to CPLR 3404 constitutes a default and no appeal lies therefrom (*see, Floccuzio v Galli*, 239 AD2d 819, *lv dismissed* 91 NY2d 848; *see also*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:5, at 76). Absent a motion to vacate the default and a denial thereof, an appeal will not lie (*see, Matter of Hurst v Hurst*, 227 AD2d 689).

Crew III, White and Yesawich Jr., JJ., concur.

Cardona, P. J. (dissenting). I respectfully dissent. Initially, I would deem plaintiffs' *pro se* affidavits submitted in opposition to defendants' motions to dismiss both an application to restore the case to the trial calendar and to vacate the CPLR 3404 dismissal (*see, Merrill v Robinson*, 99 AD2d 578; *see also, Malpass v Mavis Tire Supply Corp.*, 143 AD2d 890). In my opinion, the instant appeal should be treated as one from the denial of the motion to vacate the dismissal. It is settled law that "[t]o prevail on a CPLR 3404 motion, the movant must demonstrate the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter and the lack of prejudice to the nonmoving party in the event the case is restored to the trial calendar" (*Elliot v Nyack Hosp.*, 204 AD2d 958; *see, Floccuzio v Galli*, 239 AD2d 819, 820, *lv dismissed* 91 NY2d 848; *Krantz v Scholtz*, 201 AD2d 784, 785, *appeal dismissed* 83 NY2d 902).

Plaintiffs offered documentary evidence from the State Department of Environmental Conservation and defendant Town of Niskayuna that defendants Fred Jackson, Alexander Jackson and Jackson Demolition, Inc. (hereinafter collectively referred to as Jackson Demolition) had been notified that it was operating a landfill in violation of local and State laws. That evidence also showed that trucks carrying demolition debris continually passed around plaintiffs' house which adjoined Jackson Demolition's property, raising clouds of dust and creating noise that penetrated inside plaintiffs' residence.

The allegations, if proven, would demonstrate that Jackson Demolition intentionally, unreasonably and substantially interfered with plaintiffs' enjoyment of their property (*see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564, 570; *Langan v Bellinger*, 203 AD2d 857, 857-858), and therefore set forth meritorious causes of action based upon continuing nuisance.

As a reasonable excuse for the delay in making a motion to restore the matter to the trial calendar, plaintiffs point out that when Supreme Court struck the note of issue at the March 24, 1995 conference, it did not inform them that a new note of issue had to be filed within one year or the case would be deemed abandoned. The court stated: "What I can do at this point, I can strike the note of issue, meaning that the case is not ready for trial, it's pending. And then when you do find an attorney, I will put it back on the calendar. * * * Until such time as you communicate with the Court the fact by filing a new note of issue, it's called, which would indicate to me that the case is ready for trial, and when you have an attorney, he will do that for you. Okay?" These statements could be reasonably interpreted by plaintiffs that striking the note of issue would have no consequence other than another delay in the trial which had already been delayed for various reasons between 1990 and 1995. In my view, sufficient excuse for the delay was demonstrated by Supreme Court's statements, coupled with plaintiffs' claim that they never received the court's April 24, 1995 letter-order striking the note of issue.

Turning to the question of whether plaintiffs demonstrated an intent not to abandon the action, courts generally look to litigation activity subsequent to the matter being marked off the calendar as evidence that the action is not abandoned (*see, Weiss v City of New York*, 247 AD2d 239). Here, however, the record shows that the parties had completed discovery and, therefore, the lack of subsequent litigation activity is not particularly germane. Plaintiffs' attempt in February 1996 to reopen previously stalled settlement negotiations evidenced an intent to pursue the action (*cf., Masino v Wisla*, 201 AD2d 373), as did their continuing search for another attorney.

Although the acts complained of occurred in the 1980s, I do not find that defendants will suffer prejudice by the passage of time if this case is restored to the trial calendar (*cf., Krantz v Scholtz*, 201 AD2d 784, *supra*). As the majority notes, this case went to trial in 1990 but ended in a mistrial. Thus, it may reasonably be inferred that the testimony of relevant witnesses and documentary evidence has been preserved. Furthermore,

defendants did not oppose the striking of the note of issue for the underlying purpose of permitting plaintiffs time to secure new representation even though it appeared that, given the age of the case and the charging lien placed on it by Supreme Court, plaintiffs would likely need a lengthy time to secure new counsel. Plaintiffs demonstrated as much at the March 1995 conference when they gave the court a list of 22 lawyers they had approached without success since withdrawal of their counsel in January 1995.

In my view, plaintiffs' opposition to the motions for abandonment was sufficient and, therefore, dismissal was inappropriate. I would reverse Supreme Court's order, restore the case to the trial calendar and remit the matter for trial.

Ordered that the order is affirmed, without costs.