*246 OPINION OF THE COURT
Bruce M. Balter, J.
In an action for medical malpractice, the plaintiffs seek to vacate a CPLR 3404 dismissal and restore this action to the Trial Calendar.
On March 13, 1986, the plaintiff Frieda Gold went to the defendant’s medical practice complaining of palpitations, dizziness and/or nausea. After defendant Dr. Steinmetz examined her, he left her alone as she lay on the examination table and went to get an EKG machine. Plaintiff alleges that she was left alone for 40 minutes. She claims that when she tried to sit up she became dizzy and fell to the floor. She remained on the floor for 15 minutes before getting up. She did not tell the defendant or his staff about the incident until she spoke with the receptionist as she was leaving the office. As a result of this incident she claims that she suffered a fracture of the left greater trochanter and a severe sprain of the left ankle.
On January 20, 1988, plaintiffs served and filed a summons and complaint. Later that year the plaintiffs made several discovery demands, including a notice to depose the defendant. During 1990, the parties were deposed. On October 21, 1994, plaintiff filed and served a note of issue. Then on January 10, 1995, the Supreme Court transferred this matter to the Civil Court pursuant to CPLR 325 (d). After the transfer, this matter appeared on the Trial Calendar on August 31, 1995. When neither party appeared at the calendar call the case was marked off-calendar. Then, since it was not restored within one year, it was automatically dismissed pursuant to CPLR 3404. Plaintiffs’ counsel claims that they did not discover the dismissal until sometime after November 12, 1999, when a court reporting service returned plaintiffs’ new notice of trial to them without explanation. This application was made by an order to show cause signed on April 4, 2000.
Discussion
CPLR 3404 states that: “A case in the supreme court or a county court marked ‘off or struck from the calendar or unanswered on a clerk’s calendar call, and not restored within, one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order.” A party seeking to restore an action to the Trial Calendar after it has been dismissed pursuant to this section *247 must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the nonmoving party (McCarthy v Bagner, 271 AD2d 509 [2d Dept 2000]). The moving party must satisfy all four components of this test before the dismissal can be properly vacated (Morgano v Man-Dell Food Stores, 259 AD2d 679 [2d Dept 1999]).
Meritorious Cause of Action
To establish a meritorious cause of action the plaintiffs submit with their reply papers a 10-year-old deposition of plaintiff Frieda Gold. The defendant argues that this is inadequate since it has long been held that a physician’s affidavit is the only competent evidence of a meritorious medical malpractice claim (Parillo v Blatt, 160 AD2d 853 [2d Dept 1990]). The plaintiffs counter that this claim is a matter within the ordinary experience of laypersons that does not require a physician’s affidavit (Mosberg v Elahi, 80 NY2d 941 [1992]).
The Second Department has characterized cases similar to this one as medical malpractice claims (Hardman v Long Is. Urological Assocs., 253 AD2d 849 [2d Dept 1998]; McDonald v Ross, 213 AD2d 463 [2d Dept 1995]). The distinction between ordinary negligence and malpractice turns on whether the act or omission complained of involves a matter of medical science requiring special skills not ordinarily possessed by laypersons, or whether the conduct can instead be assessed on the basis of common everyday experiences (Borrillo v Beekman Downtown Hosp., 146 AD2d 734 [2d Dept 1989]).
In Hardman (supra), the plaintiff alleged that the nurse and doctor did not act reasonably in leaving the 90-year-old patient unattended while he was seated upon the examination table, from which he fell. The Appellate Division found that the medical records were devoid of any evidence that the decedent was disoriented, or that his cognitive functions were in any way impaired, and under the circumstances, the Supreme Court properly concluded that there was no evidence to support a finding of negligence.
In McDonald (supra), the plaintiff alleged that she experienced a dizzy spell while attempting to dismount from an examination table in defendant physician’s office, and that as a result, she fell to the floor and fractured her wrist. The plaintiff claimed that the defendant’s negligence consisted of his leaving her unattended after he finished examining her and his failure to provide her with assistance in dismounting from the table. The plaintiffs medical records indicated that the plaintiff *248 had a long-standing history of dizzy spells and that she had experienced the symptoms several times prior to the occurrence. The Appellate Division concluded that an issue of fact existed with respect to whether the defendant should have foreseen the occurrence.
In these cases medical evidence was necessary to determine whether the physicians’ treatment deviated from accepted practice when they left their patients alone. In this case, there is an identical question of foreseeability. The record gives some hint as to the plaintiffs condition when she entered the examination room. However, the question of whether the defendant breached his duty towards the plaintiff turns on whether he acted as a reasonable physician under the circumstances. To make this determination a fact finder would need the expert opinion of a physician. Since the plaintiffs failed to submit such evidence, the court cannot conclude that the plaintiffs have a meritorious claim (Burke v Klein, 269 AD2d 348 [2d Dept 2000]).
Reasonable Excuse for Delay in Prosecuting Action
From October 1994 until the filing of this application in April 2000 this case lay dormant in the clerk’s office. In 1994, plaintiffs filed a note of issue. During 1995 the plaintiffs lost track of the action when it was transferred to the Civil Court and marked off-calendar a few months later. Then, almost five years later, in 1999, without explanation, plaintiffs try to file another note of issue in Civil Court. The plaintiffs blame this delay completely on their court reporting service’s failure to keep track of the case. No explanation is given for this failure. Moreover, as the defendant points out, this very application was filed by the same service. The plaintiffs also fail to give the specific date when they finally discovered that the case was dismissed, and without this information the court assumes that there was another delay between that discovery and the filing of this application.
While law office failure may constitute a reasonable excuse for a default and justify vacating a dismissal, there must be detailed allegations of the facts surrounding the failure (American Sigol Corp. v Zicherman, 166 AD2d 628 [2d Dept 1990]). Here, the plaintiffs have failed to demonstrate a reasonable excuse for six years of inaction, including a five-year delay in moving to vacate the dismissal and restoring the matter to the Trial Calendar. Overreliance on a court reporting service to track a case is unreasonable. These businesses cannot be considered a replacement for the oversight provided by a *249 lawyer’s diary. Court reporting services are merely extensions of a law office’s staff, and must be held to the same standard as the lawyers for whom they work. The court finds no reasonable excuse for the delays in this case (Fico v Health Ins. Plan, 248 AD2d 432 [2d Dept 1998]).
Lack of Intent to Abandon
The plaintiffs claim that they did not abandon this action. In 1999, they served a supplemental bill of particulars on the defendant and engaged in settlement discussions. The defendant counters that no settlement offer was ever made and that no discovery has taken place in this matter since 1994.
The presumption of abandonment is rebuttable and does not apply where litigation in the case is actually in progress (Drucker v Progressive Enters., 172 AD2d 481 [2d Dept 1991]). In Drucker, the Second Department restored an action to the calendar after reviewing the record and discovering that the plaintiff had engaged in litigation during the year after the case was marked off-calendar. The Court stated that (at 482): “[r]eview of the procedural history of the matter before us reveals that the plaintiffs’ counsel has not exercised diligence in moving this case to trial. Nevertheless, during the period after the note of issue and certificate of readiness were stricken from the calendar, the parties’ attorneys engaged in discovery proceedings and motion practice and otherwise proceeded with a course of conduct evincing a lack of intent to abandon the action.”
In contrast, there is no course of conduct in this case to demonstrate that the plaintiffs did not intend to abandon the action. There was absolutely no discovery, settlement discussions, or motion practice on this case for over four years. The flurry of activity that included a phone call to the defendant, the filing of a new note of issue, and the serving of a supplemental bill of particulars occurred late in 1999, after the plaintiffs’ counsel rediscovered the action’s existence. This last-minute activity was insufficient to rebut the presumption of abandonment that attached after the automatic dismissal pursuant to CPLR 3404 (Fico v Health Ins. Plan, 248 AD2d, supra, at 433; Jeffs v Janessa, Inc., 226 AD2d 504 [2d Dept 1996]).
Prejudice to the Defendant
The plaintiffs contend that the defendant would not be prejudiced by the restoration of this case since there was ample opportunity to conduct discovery in this action. They also argue that the mere passage of time is not prejudicial since this ac *250 tion turns on medical records rather than witnesses’ memories (Esbri v Westchester Sq. Med. Ctr., 260 AD2d 217 [1st Dept 1999]).
The plaintiffs’ argument is not supported by the facts of this case. This case hinges on both the testimony of witnesses as well as medical evidence (Salzano v Mastrantonio, 267 AD2d 5 [1st Dept 1999]). While the alleged event that injured the plaintiff was not witnessed directly, plaintiff’s failure to complain about the incident after it occurred makes other witnesses’ testimony relevant as circumstantial evidence. At this late date it is unlikely that the defendant will be able to locate former members of his staff to testify on his behalf. Furthermore, the defendant states that some of the plaintiff’s medical records may have been destroyed since she was treated and examined more than 10 years ago, and the plaintiffs’ reply papers fail to address this issue.
Therefore, it is the court’s view that the evidence of this case is time sensitive, and therefore the 14-year gap between the alleged malpractice incident and this application to vacate a dismissal is significantly prejudicial to the defendant. (Prado v Catholic Med. Ctr., 237 AD2d 341 [2d Dept 1997]; Civello v Grossman, 192 AD2d 636 [2d Dept 1993]; Hewitt v Booth Mem. Med. Ctr., 178 AD2d 401 [2d Dept 1991].)
Conclusion
In conclusion, the court finds that the plaintiffs have failed to satisfy all aspects of the test to vacate this action’s dismissal.
Accordingly, for the foregoing reasons, it is ordered that the plaintiffs’ application to vacate the dismissal and restore this case to the Trial Calendar is denied.