■ VIRGINIO CIPPITELLI et al., Appellants, v TOWN OF NISKAYUNA et al., Respondents. [715 NYS2d 110] —Cardona, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered April 23, 1999 in Schenectady County, which denied plaintiffs' motion to vacate a prior order of the court.

The facts of this case are set forth in this Court's previous decision (256 AD2d 744). At that time, this Court affirmed Supreme Court's order entered May 22, 1997 which dismissed

plaintiffs' complaint based upon their neglect to prosecute pursuant to CPLR 3404. This Court held that the matter was "not properly before [it and declined] to address the arguments raised as to the propriety of Supreme Court's dismissal" (*id.*, at 745). This Court observed: "A dismissal made pursuant to CPLR 3404 constitutes a default and no appeal lies therefrom * * * Absent a motion to vacate the default and a denial thereof, an appeal will not lie" (*id.* [citations omitted]). Thereafter, on January 8, 1999, plaintiffs, *pro se*, moved before Supreme Court to vacate the dismissal order. Supreme Court denied the motion upon the ground that it was untimely (*see*, CPLR 5015 [a] [1]), without addressing the merits of plaintiffs' arguments, resulting in this appeal.

Initially, we note "Supreme Court has an inherent power to open judgments in the interest of justice [and such] power may be exercised even after the expiration of the one-year period" (*Machnick Bldrs. v Grand Union Co.*, 52 AD2d 655; *see*, *Molesky v Molesky*, 255 AD2d 821; *Lanc v Donnelly*, 184 AD2d 840; *Rhulen-Immoor, Inc. v Rivera*, 61 AD2d 1116). Under the circumstances herein, without criticizing Supreme Court's determination, we choose to exercise our own discretion (*see*, *Brady v Ottaway Newspapers*, 63 NY2d 1031; *Matter of New York County DES Litig.*, 171 AD2d 119, 124; *Lovisa Constr. Co. v Facilities Dev. Corp.*, 148 AD2d 913, 914) and reverse. Rather than remit this matter for reconsideration of the merits of plaintiffs' motion to vacate the dismissal order, we will determine the motion in the interest of judicial economy and avoid further delay.

To vacate a judgment or an order entered by default on the ground of excusable default pursuant to CPLR 5015 (a) (1)—the only ground relevant here—plaintiffs must demonstrate a reasonable excuse for the default and a meritorious cause of action (*see*, *Busone v Bellevue Maternity Hosp.*, 266 AD2d 665, 667; *Matter of Twin Towers Assocs., Ltd. Partnership v Board of Assessors*, 261 AD2d 705). In the instant case, in order to prevail against defendants' initial CPLR 3404 motion, plaintiffs must, in addition to demonstrating the above two elements, show the absence of an intent to abandon the matter and the lack of prejudice to defendants in the event the case is restored to the trial calendar (*see*, *Elliot v Nyack Hosp.*, 204 AD2d 958).

As a reasonable excuse for the delay in moving to vacate their original "default" occasioned by their failure to prosecute pursuant to CPLR 3404, plaintiffs argue that at the March 24, 1995 conference when Supreme Court indicated that it was going to strike plaintiffs' note of issue, it did not inform them

that a new note of issue had to be filed within one year or the case would be deemed abandoned. At that time, the court stated: "What I can do at this point, I can strike the note of issue, meaning that the case is not ready for trial, it's pending. And then when you do find an attorney, I will put it back on the calendar * * * Until such time as you communicate with the Court the fact by filing a new note of issue, it's called, which would indicate to me that the case is ready for trial, and when you have an attorney, he will do that for you. Okay?" The statements could reasonably be interpreted by plaintiffs that striking the note of issue would have no consequence other than another delay in the trial. In our view, Supreme Court's statements coupled with plaintiffs' claim that they never received the court's April 24, 1995 letter-order striking the note of issue, were sufficient to excuse plaintiff's delay in moving to restore the case to the calendar after the note of issue was struck.

Plaintiffs also demonstrated merit. They submitted documentary evidence from the Department of Environmental Conservation and defendant Town of Niskayuna that defendants Fred Jackson, Alexander Jackson and Jackson Demolition, Inc. (hereinafter collectively referred to as Jackson Demolition) had been notified that it was operating a landfill in violation of State and local laws. That evidence also showed that trucks carrying demolition debris continually passed around plaintiffs' house which adjoined Jackson Demolition's property, raising clouds of dust and creating noise that penetrated inside plaintiffs' residence. The allegations, if proven, would demonstrate that Jackson Demolition intentionally, unreasonably and substantially interfered with plaintiffs' enjoyment of their property (see, Copart Indus. v Consolidated Edison Co., 41 NY2d 564, 570; Langan v Bellinger, 203 AD2d 857, 857-858) and, therefore, set forth a meritorious cause of action based upon continuing nuisance.

In determining a party's intent not to abandon an action, courts generally look to litigation activity subsequent to the matter being marked off the calendar as evidence that the action was not abandoned (see, Weiss v City of New York, 247 AD2d 239). Here, however, the record shows that the parties had completed discovery and, therefore, the lack of subsequent litigation activity is not particularly germane. Plaintiffs' attempt in February 1996 to reopen previously stalled settlement negotiations evidenced an intent to pursue the action (cf., Masino v Wisla, 201 AD2d 373), as did their continuing search for another attorney.

Finally, turning to the question of prejudice, although the acts complained of occurred in the 1980s, we do not find that defendants will suffer prejudice by the passage of time if this case is restored to the trial calendar (*cf.*, *Krantz v Scholtz*, 201 AD2d 784, *lv dismissed* 83 NY2d 902). We note that this case went to trial in 1990 ending in a mistrial. Thus, it may reasonably be inferred that the testimony of relevant witnesses and documentary evidence has been preserved. Furthermore, defendants did not oppose Supreme Court's striking of the note of issue for the underlying purpose of allowing plaintiffs time to secure new representation even though it appeared that, given the age of the case and the charging lien placed on it by Supreme Court, plaintiffs would likely need a lengthy time to secure new counsel. Plaintiffs demonstrated as much at the March 1995 conference when they gave the court a list of 22 lawyers they had approached without success since withdrawal of their counsel in January 1995. In our view, plaintiffs have established their entitlement to vacatur of the dismissal order.

Carpinello, Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, motion granted, order entered May 22, 1997 vacated, complaint reinstated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.