■ PENNY M. DOUGLASS, Appellant, v BREW'S RESTAURANT et al., Respondents. [720 NYS2d 478] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered June 23, 2000, which denied plaintiff's motion to restore this action to the calendar after the case had been dismissed as abandoned, unanimously reversed, on the law, without costs, the motion granted and the action restored to the trial calendar.

Plaintiff was allegedly struck in the face by a swinging door while patronizing defendants' dining establishment in 1989. The action was timely commenced, issue was joined, and plaintiff was deposed in 1992. Defendants were to have produced an employee for deposition and scheduled plaintiff for a physical examination, but failed to do either. When plaintiff failed to answer a clerk's calendar call in December 1992, the case was marked off, and a year later it was dismissed as abandoned. Plaintiff asserts that the first notice she had of such dismissal was when her attorney checked the court file in December 1998, nearly two years after purportedly filing a note of issue. The instant motion was filed in December 1999, counsel urging that the mark-off had been due to his inadvertent failure to see the notice of the calendar call in the New York Law Journal in 1992.

Where a case has not been restored to the calendar within a year of being marked off, it is deemed abandoned (CPLR 3404). The presumption of abandonment may be rebutted, however, by proof of litigation in progress (*Rutger Fabrics Corp. v United States Laminating Corp.*, 111 AD2d 40, 41). In order to restore the case to the calendar, the plaintiff must demonstrate a meritorious cause of action, reasonable excuse for the delay, lack of prejudice to the opposing party, and lack of intent to abandon the action (*Weiss v City of New York*, 247 AD2d 239, 240). The IAS Court denied the motion for plaintiff's failure to establish any of these criteria. We disagree, on all counts.

Plaintiff broke her nose when, as she stated in her affidavit of merit, the swinging kitchen door smashed her in the face. Her medical expert adequately attested to the serious injuries suffered in this accident.

Law office failure by plaintiff's counsel may constitute a rea-

sonable excuse for missing the calendar call and for delay in restoring an action to the calendar (*Ramputi v Timko Contr. Corp.*, 262 AD2d 26, 28). Furthermore, plaintiff is able to document that from February 1993 (just two months after the case was marked off) through August 1997, a veritable stream of discovery materials, correspondence and requests for discovery was sent to defendants' counsel. It was only when plaintiff's counsel went to court to determine why an inordinate amount of time had lapsed since filing the note of issue that he learned the case had been marked off six years earlier. Once plaintiff's counsel's oversight was realized, he immediately entered into negotiations with defense counsel to restore the case to the calendar, and only when that effort failed did he turn to the motion to restore. Such a record refutes any presumption of abandonment on plaintiff's part.

Defendants' claimed prejudice is based upon the recent death of their witness, the waitress who had served plaintiff's meal. There is no indication, however, that this waitress had been an eyewitness, or in any way involved in the accident. Unfortunately, she was never produced for deposition. Furthermore, one key witness whom plaintiff had specifically sought to examine—the employee who opened the door that struck plaintiff—was never produced by defendants.

Defendants have failed to show cognizable prejudice, and plaintiff has otherwise met the test for restoring this case to the trial calendar. Concur—Rosenberger, J. P., Nardelli, Ellerin, Wallach and Rubin, JJ.