■ Henrietta T. Smigel, as Executrix of John Smigel, Deceased, Respondent, v Town of Rensselaerville, Appellant, et al., Defendant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court at Trial Term (Prior, Jr., J.), entered April 3, 1986 in Albany County, which granted plaintiff's motion to restore this action to the preferred calendar of the Supreme Court, Albany County.

This wrongful death action, arising out of defendants' alleged negligence in maintaining an intersection, was commenced in 1979. A note of issue was filed and a preference order granted in 1982. Thereafter, the case was conferenced three times and, following unproductive settlement discussions, marked ready for trial. From that point on the calendar history of this matter, aptly described by Trial Term as "tortured", is unclear. It appears that in September 1983, after 18 months on the Trial Calendar, the case was stricken because of the failure of plaintiff's counsel to attend calendar calls. In November of the same year, plaintiff moved for and

secured a bench decision restoring the case to the calendar. However, plaintiff's counsel was not made aware the matter had been restored until February 1984. In the interim, in January 1984, the case was again stricken from the calendar because of the failure of plaintiff's counsel to answer a calendar call, of which he avers he had no notice. After entry of the February 1984 order restoring the case, plaintiff's counsel maintains he heard nothing from the County Clerk's office. Further delays occurred when, in April 1984, plaintiff's counsel, a sole practitioner, suffered a debilitating stroke and hospitalization until August 24, 1984. On January 30, 1985, CPLR 3404 was invoked and the case was automatically dismissed. Plaintiff's motion, made returnable September 9, 1985, to again restore the case to the Trial Calendar was granted, prompting this appeal by defendant Town of Rensselaerville. We affirm.

A plaintiff moving to restore a case, following its removal from the Trial Calendar pursuant to CPLR 3404, must adduce proof similar to that required to oppose a motion to dismiss for failure to prosecute under CPLR 3216 *(Kunker v Charbonneau Contr. Corp.,* 119 AD2d 884). Accordingly, plaintiff was obliged to demonstrate the existence of a meritorious cause of action, sufficient excuse for the delay, and that defendant had not been prejudiced by that delay *(see, Curtin v Grand Union Co.,* 124 AD2d 918).

Here, counsel's affidavit sets forth what appears to be a meritorious cause of action for negligent construction and/or maintenance of the intersection. His disabling illness and a purported understanding that defense counsel would mark the case ready for trial constitutes a reasonable excuse. Finally, and most importantly, the town has not satisfactorily demonstrated how it would be prejudiced by returning this case to the calendar, particularly in view of the requirements Trial Term has imposed upon plaintiff's counsel personally to ensure an early trial.

Order affirmed, without costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.