■ DORIEL PATRON, Appellant, v MUTUAL OF OMAHA INSURANCE Co., Respondent.—In an action to recover under a policy of insurance, the plaintiff appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered August 30, 1985, which granted the defendant's motion to strike the action from the Inquest Calendar and to vacate a prior order of the same court (Burchell, J.), dated June 17, 1985, which struck the defendant's answer for failure to comply with a prior discovery order of the court, directed the entry of judgment in the plaintiff's favor on the issue of liability and directed that the matter be set down for an inquest on the issue of damages.

Ordered that the order entered August 30, 1985 is reversed, on the law, with costs, motion is denied, the order dated June 17, 1985 is reinstated, and the matter is restored to the Inquest Calendar.

At the outset, we note that one of the plaintiff's procedural arguments should be rejected as lacking merit. The defendant's motion to strike the case from the Inquest Calendar, to open its default, and to vacate the order dated June 17, 1985 did not have to be made to the Judge who issued the order dated June 17, 1985, because that order was entered upon a default (CPLR 2221 [1]; *see, Juers v Barry,* 114 AD2d 1009; *Claudio v Lefrak,* 100 AD2d 837).

Turning to the merits, we find that Trial Term abused its discretion in vacating the order dated June 17, 1985. In

support of its motion to vacate its default on the prior order, the defendant had to demonstrate a meritorious defense and an excuse for its failure to respond to the prior motion *(see, e.g., Gray v B. R. Trucking Co.,* 59 NY2d 649, *rearg dismissed* 59 NY2d 966, 60 NY2d 586; *State Farm Fire & Cas. Co. v Shapiro,* 118 AD2d 556). Because of the defendant's failure to submit an affidavit of merit, it was error as a matter of law to open its default *(Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904; *Smith v Lefrak Org.,* 60 NY2d 828). In any event, the defendant proffered an insufficient excuse for its repeated defaults. Review of the record reveals that the defendant failed to comply with the plaintiff's discovery requests. As a result, the plaintiff brought on four separate motions to compel compliance with his discovery requests or for sanctions. The defense counsel failed to appear on 3 of the 4 motions in addition to not complying with a court order compelling disclosure. The culmination of defense counsel's dilatory conduct was an order striking the defendant's answer and entering judgment in plaintiff's favor on the issue of liability. The defendant's attorney took no action until he brought an untimely motion to strike the action from the Inquest Calendar *(see,* 22 NYCRR former 675.3, now 202.21 [e]). To excuse his defaults on the three prior motions, the defense counsel referred to alleged oral agreements he entered into with one of the partners in the firm representing the plaintiff. He claimed that, at most, he was guilty of law office failure. The defense counsel's affirmation on the motion to vacate the default falls far short of justifying his repeated failure to appear on the motions in this matter and his lack of diligence in seeking relief from the orders entered thereon. We also note that no brief was submitted on the defendant's behalf on this appeal. In view of defense counsel's history of dilatory conduct and his failure to proffer a justifiable excuse or an affidavit of merit, we perceive no reason to permit vacatur of the defendant's default. Therefore, we reverse the order appealed from, and reinstate the order dated June 17, 1985 granting judgment in the plaintiff's favor on the issue of liability. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.