SECOND DEPARTMENT, MARCH, 1997

(March 3, 1997)

■ FRANK ACCIARITO et al., Appellants, v HOMEDCO, INC., Respondent, et al., Defendant. [655 NYS2d 404] —In an action, *inter alia*, to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Queens County (Satterfield, J.), dated March 13, 1996, which denied their motion to vacate the dismissal of the action for neglect to prosecute and to restore the action to the court's calendar, and (2) as limited by their brief, from so much of an order of the same court, dated August 28, 1996, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 13, 1996, is dismissed, as that order was superseded by the order dated August 28, 1996, made upon reargument; and it is further,

Ordered that the order dated August 28, 1996, is reversed insofar as appealed from, as a matter of discretion, the order dated March 13, 1996, is vacated, the motion to vacate the dismissal and to restore the case to the trial calendar is granted, and the action is restored to the trial calendar, and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion to vacate the dismissal of this action for neglect to prosecute and to restore the case to the trial calendar (*see, Yacono v Waterman S. S. Co.*, 216 AD2d 556). The plaintiffs demonstrated both a justifiable excuse for the four- to five-month delay in seeking to restore the action by reason of their counsel's terminal illness, and a good and meritorious cause of action against the defendant Homedco, Inc. (*see, Penn v American Airlines*, 192 AD2d 385, 386; *Smigel v Town of Rensselaerville*, 125 AD2d 847; *Norowitz v Ponconco, Inc.*, 96 AD2d 581). Furthermore, the motion practice and their counsel's efforts to acquire necessary documentation subsequent to the time the case was marked off the trial calendar on March 21, 1994, evinces an intent to pursue the action rather than abandon it (*see, Beltrani v Mirabile*, 141 AD2d 688, 689; *Sheehan v Hollywood*, 112 AD2d 211). Lastly, no substantial

prejudice has been demonstrated as a result of the delay in prosecuting this action. Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.