■ HARRY SANCHEZ et al., Respondents, v STEVEN DENKBERG, Appellant. (And a Third-Party Action.) [726 NYS2d 873] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated July 20, 2000, which granted the plaintiffs' motion to vacate the automatic dismissal of the complaint pursuant to CPLR 3404 and to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

CPLR 3404 creates a rebuttable presumption that an action marked off the trial calendar and not restored within one year has been abandoned. The Supreme Court may restore the case if the movant establishes the merits of the cause of action, a reasonable excuse for the delay, lack of intent to abandon the action, and a lack of prejudice to the other party (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190; *Rifkin v Herman,* 262 AD2d 389). The plaintiffs met this burden, and thus, the Supreme Court providently exercised its discretion in restoring the plaintiffs' action to the trial calendar. Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.

■ SEBCO CORP., Appellant, v SHORE VIEW CORP. et al., Respondents. [726 NYS2d 872] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Jones, J.), dated March 7, 2000, which granted the motion of the defendant Shore View Corp., in which the defendant Fowler Route Co. joined, to dismiss the complaint pursuant to CPLR 3404.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is denied, and the complaint is reinstated.

This case was not marked "off" or struck from the trial calendar pursuant to CPLR 3404. Accordingly, the Supreme Court erred in dismissing the complaint pursuant to CPLR 3404 (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190). Ritter, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.