■ Carolyn Rodriguez et al., Respondents, v United Parcel Service, Inc. of Ohio, Appellant, et al., Defendant. [792 NYS2d 915]—

In an action to recover damages for personal injuries, etc., the defendant United Parcel Service, Inc. of Ohio appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated June 25, 2004, which denied its motion pursuant to CPLR 3404 to dismiss the complaint insofar as asserted against it and granted the plaintiffs' cross motion for leave to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

This action was marked off the calendar on March 6, 2003, and automatically dismissed one year later pursuant to CPLR 3404 when the plaintiffs failed to restore it within that year. About one month after the automatic dismissal, and in response to the appellant's motion to dismiss the complaint, the plaintiffs cross-moved to restore the action to the calendar. The plaintiffs met their burden of demonstrating (1) a reasonable excuse for the failure to timely restore, (2) a meritorious cause of action, (3) a lack of intent to abandon the matter, and (4) a lack of prejudice to the opposing party (*see Basetti v Nour*, 287 AD2d 126, 131 [2001]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001]). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiffs' cross motion for leave to restore (*see Sanchez v Denkberg*, 284 AD2d 446 [2001]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.