■ FRANCO BELLI PLUMBING AND HEATING AND SONS, INC., Respondent, v IMPERIAL DEVELOPMENT & CONSTRUCTION CORP., Respondent, et al., Defendants, and NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant. [845 NYS2d 446]—

In an action, inter alia, to recover damages for breach of contract, the defendant New York City School Construction Authority appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated May 30, 2006, which denied its motion pursuant to CPLR 5015 (a) (1) to vacate a prior order and judgment (one paper) of the same court (LeVine, J.), dated November 22, 2005, granting the plaintiff's motion to preclude it from offering any evidence at trial as to setoffs or back charges against its contract with the defendant Imperial Development & Construction Corp. and, in effect, for a judgment declaring that the defendant New York City School Construction Authority had withheld the sum of $243,536.38 from the proceeds of that contract, upon its default in opposing the motion.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs payable by the plaintiff-respondent, the motion of the defendant New York City School Construction Authority to vacate the order and judgment is granted, the order and judgment is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new determination on the plaintiff's motion.

The defendant New York City School Construction Authority (hereinafter the SCA) entered into a contract with the defendant Imperial Development & Construction Corp. (hereinafter Imperial), a general contractor, in connection with a school renovation project. Imperial subcontracted with the plaintiff to perform certain plumbing work. The project was subject to Public Authorities Law § 1735 (6), which provides, in relevant part, that in the event of a payment dispute between the general contractor and a subcontractor, the SCA will withhold moneys due and payable to the general contractor and deposit such funds in an account pending resolution of the dispute.

A dispute subsequently arose between the plaintiff and Imperial, in which the plaintiff claimed that it was owed $243,536.38 by Imperial and Imperial asserted that it had paid the plaintiff

in full. Pursuant to Public Authorities Law § 1735 (6), the plaintiff requested that the SCA withhold the disputed amount from any funds due to Imperial pending resolution of the dispute. The SCA responded that its finance department would be advised to withhold that sum from any moneys due to Imperial and deposit them in an account.

The plaintiff then brought this action alleging, inter alia, breach of contract and for a judgment against the SCA declaring its entitlement to the withheld $243,536.38. In its answer, the SCA did not deny the allegation that it had deposited $243,536.38 in an account and did not respond to interrogatories seeking information about setoffs and back charges and default with respect to its contract with Imperial, maintaining that it was merely a stakeholder in the action. After the plaintiff filed its note of issue, the SCA disclosed that it was not holding any moneys on the plaintiff's behalf. According to the SCA, Imperial breached its contract with the SCA and the remaining moneys allocated to the contract had been spent to complete the project with another contractor, and thus, there were no funds due and payable to Imperial from which the disputed amount could be withheld.

The plaintiff moved to preclude the SCA from introducing any evidence at trial as to setoffs or back charges against its contract with Imperial and, in effect, for a judgment declaring that the SCA had withheld $243,536.38. The plaintiff thereby sought to preclude the SCA from contesting that $243,536.38 was due and payable to Imperial from the SCA at the time the plaintiff first notified the SCA of its claim. The SCA failed to oppose the motion and the motion was granted in an order and judgment (one paper) dated November 22, 2005. The SCA's subsequent motion to vacate its default was denied. We reverse.

A party seeking to vacate a default is required to demonstrate both a reasonable excuse for the default and a meritorious defense (see CPLR 5015 [a] [1]; Valure v Century 21 Grand, 35 AD3d 591, 592 [2006]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in rejecting the excuse of law office failure proferred by the SCA. Counsel for the SCA explained that the default in opposing the motion resulted from confusion over the return date, which was listed incorrectly on two notices of motion served by the plaintiff. Thus, counsel's failure to oppose the motion was neither "willful nor deliberate" (Weekes v Karayianakis, 304 AD2d 561, 562 [2003]). Moreover, the SCA acted promptly to cure its default, and there was no prejudice to the other parties (see Rockland Tr. Mix, Inc. v Rockland Enters., Inc., 28 AD3d 630

[2006]; *Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432, 433 [2004]; *Eastern Resource Serv. v Mountbatten Sur. Co.*, 289 AD2d 283 [2001]). Accordingly, and in light of the strong public policy of resolving controversies on the merits, the Supreme Court should have accepted the SCA's excuse of law office failure (*see Storchevoy v Blinderman*, 303 AD2d 672, 673 [2003]).

In addition, the SCA demonstrated a meritorious defense to the plaintiff's motion. Pursuant to Public Authorities Law § 1735 (6), when notified by the plaintiff of Imperial's alleged failure to pay it for the work performed on the project, the SCA was required to withhold the disputed sum "from amounts *then or thereafter becoming due and payable to the contractor*" (emphasis added). Thus, as under the Lien Law, the plaintiff's claim to the disputed sum may only be enforced against the SCA to the extent that the SCA owed money to Imperial at the time that the plaintiff made its request for direct payment and the SCA was not required to expend its own moneys to satisfy the plaintiff's claim (*see* Public Authorities Law § 1735 [6]; *cf. West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 157-158 [1995]; *Hempstead Concrete Corp. v Elite Assoc.*, 203 AD2d 521, 523 [1994]). However, the plaintiff's claim is not defeated by the abandonment of the project by the general contractor *subsequent* to the plaintiff's Public Authorities Law § 1735 (6) notice, even though payments to third parties in excess of the original contract price may be required by the owner to complete the construction (*cf. 104 Contrs. v R.T. Golf Assoc.*, 270 AD2d 817, 818 [2000]; *Albert J. Bunce, Ltd. v Fahey*, 73 AD2d 632 [1979]). The burden is on the subcontractor to establish that there was money due and payable to the general contractor from the owner based on the primary contract (*cf. Timothy Coffey Nursery/Landscape v Gatz*, 304 AD2d 652, 654 [2003]; *GCDM Ironworks v GJF Constr. Corp.*, 292 AD2d 495, 496 [2002]). Here, the SCA submitted evidence raising a question of fact as to whether there were back charges and/or setoffs against its contract with Imperial such that $243,536.38 was not due and payable to Imperial at the time of the plaintiff's Public Authorities Law § 1735 (6) notice to the SCA. Since the Supreme Court should have vacated the SCA's default, the matter must be remitted to the Supreme Court, Queens County, for a new determination of the plaintiff's motion. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.