ERNA M. RACITI, Appellant, v SANDS POINT NURSING HOME et al., Respondents. [864 NYS2d 176]—

In an action, inter alia, to recover damages for deprivation of rights pursuant to Public Health Law § 2801-d, the plaintiff appeals from an order of the Supreme Court, Queens County (Nelson, J.), dated April 24, 2007, which denied her motion, treated by the Supreme Court as one for leave to reargue but which was, in effect, to vacate a prior order of the same court dated September 11, 2006, granting the defendants' separate motions pursuant to CPLR 3012 (b) to dismiss the action for failure to serve timely complaints upon her default in opposing the motions.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion is granted, and the order dated September 11, 2006, is vacated.

In order to vacate the order entered upon her default in opposing the defendants' motions to dismiss the action, the plaintiff was required to demonstrate a reasonable excuse for her default in opposing the motions and a meritorious opposition to the motions (see Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389 [2008]; Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Constr. Corp., 45 AD3d 634, 637 [2007]). The plaintiff's failure to oppose the motions to dismiss the action was neither "willful nor deliberate" (Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Constr. Corp., 45 AD3d at 636; Weekes v Karayianakis, 304 AD2d 561, 562 [2003]). Furthermore, the plaintiff established that she had a meritorious opposition to the motions to dismiss the action. The affirmation and affidavit submitted by the plaintiff were sufficient to establish excusable law office failure. Moreover, the plaintiff acted promptly to cure her default, and there was no prejudice to the other parties (see Rockland Tr. Mix, Inc. v Rockland Enters., Inc., 28 AD3d 630 [2006]; Hospital for Joint Diseases v ELRAC, Inc., 11 AD3d 432, 433 [2004]; Eastern Resource Serv. v Mountbatten Sur. Co., 289 AD2d 283 [2001]). The plaintiff also established a meritorious cause of action (see Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178 [2002]). Therefore,

her motion, in effect, to vacate the prior order entered upon her default should have been granted. Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.