■ RHONDA KAHGAN, Appellant, v FAROOQI ALWI et al., Respondents. (And a Third-Party Action.) [888 NYS2d 216]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated May 13, 2008, which denied her motion pursuant to CPLR 3404 to restore the action to the trial calendar.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion to restore the action to the trial calendar is granted.

The plaintiff filed her note of issue on January 6, 2005. On November 9, 2005 the case was marked off the trial calendar, at the plaintiff's request, after the defendants moved for summary judgment. Prior to the expiration of one year after the action was marked off the calendar, the plaintiff moved, in or about

July 2006, to restore the action to the trial calendar. However, although the notice of motion indicated a return date, this motion never appeared on any court calendar. In January 2008 the plaintiff again moved for an order "restoring this matter to active status for determination on the merits." This motion was denied by the Supreme Court, and we reverse.

CPLR 3404 creates a rebuttable presumption that an action marked off the trial calendar and not restored within one year has been abandoned (*see Sanchez v Denkberg,* 284 AD2d 446 [2001]). The court retains discretion to grant a motion to restore a case to the trial calendar after the one-year period has expired (*see Ford v Empire Med. Group,* 123 AD2d 820 [1986]). Here, it is undisputed that the plaintiff initially moved to restore the matter to the trial calendar within one year after it was marked off and that, for reasons which are not discernible on the record, the court never addressed that motion. Moreover, the record reveals that there was continued activity on the case just before the second motion to restore was made. Although the plaintiff could have more promptly moved a second time to restore the case to the calendar, under all of the circumstances, we conclude that there was a reasonable excuse for the delay in prosecution and a lack of intent to abandon the action (*see Drucker v Progressive Enters.,* 172 AD2d 481 [1991]). Furthermore, the plaintiff has demonstrated a meritorious cause of action and a lack of prejudice to the defendant. Accordingly, the Supreme Court improvidently exercised its discretion in refusing to restore the matter to the trial calendar (*see Sheridan v Mid-Island Hosp., Inc.,* 9 AD3d 490 [2004]; *Acciarito v Homedco, Inc.,* 237 AD2d 236 [1997]). Skelos, J.P., Covello, Santucci, Chambers and Austin, JJ., concur.