■ PATRICIA DEL BENE, Appellant, v FRANK C. PERRY, DDS, P.C., et al., Respondents. [921 NYS2d 150]—

In an action, inter alia, to recover damages for dental malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Farneti, J.), dated December 14, 2009, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by her brief, from so much of an order of the same court dated July 19, 2010, as denied that branch of her motion which was for leave to renew her opposition to the defendants' motion for summary judgment.

Ordered that the order dated July 19, 2010, is reversed insofar

as appealed from, on the law, on the facts, and in the exercise of discretion, that branch of the plaintiff's motion which was for leave to renew her opposition to the defendants' motion for summary judgment is granted, upon renewal, the defendants' motion for summary judgment dismissing the complaint is denied, and the order dated December 14, 2009, is vacated; and it is further,

Ordered that the appeal from the order dated December 14, 2009, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action against the defendants Frank C. Perry, DDS, a dentist, and his practice, Frank C. Perry, DDS, P.C. (hereinafter together the defendants), to recover damages for dental malpractice, alleging negligent dental treatment and lack of informed consent.

In opposition to the defendants' motion for summary judgment, the plaintiff submitted her expert's affirmation with the expert's name and signature redacted, and offered to submit an unredacted affirmation for the Supreme Court's in camera review. The Supreme Court granted the motion because the plaintiff failed to provide the unredacted affirmation to the court. However, in support of her motion for leave to renew, the plaintiff again offered to submit the unredacted affirmation to the court for in camera review, thus attempting to correct her inadvertent clerical error. The Supreme Court improvidently exercised its discretion in denying that branch of the motion which was for leave to renew (see Wester v Sussman, 304 AD2d 656 [2003]; Wilcox v Winter, 282 AD2d 862 [2001]; Kaiser v J & S Realty, 194 AD2d 1034 [1993]; Lauer v Rapp, 190 AD2d 778, 779 [1993]).

Upon renewal, the motion for summary judgment should have been denied. The defendants made a prima facie showing of their entitlement to judgment as a matter of law dismissing the cause of action alleging negligent dental treatment by submitting the deposition transcript of Perry, Perry's office chart, and the expert affirmation of another board certified dentist demonstrating that Perry did not depart from good and accepted dental practice when he treated the plaintiff, and that his treatment was not a proximate cause of her alleged injuries (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Stukas v Streiter, 83 AD3d 18 [Dept 2011]; Cohen v Kalman, 54 AD3d 307 [2008]; Ennd v Kopp, 48 AD3d 740, 740-741 [2008]; Posokhov v Oselkin, 44 AD3d 921 [2007]). However, in opposition to the motion, the plaintiff's expert affirmation raised a triable issue of fact with respect to the cause of action alleging negligent

dental treatment (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, that branch of the defendants' motion should have been denied.

Additionally, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the cause of action to recover damages for lack of informed consent, as their motion papers failed to address that cause of action (*see* Public Health Law § 2805-d [1]). Therefore, that branch of their motion should have been denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Koi Hou Chan v Yeung*, 66 AD3d 642, 643-644 [2009]; *Larsen v Loychusuk*, 55 AD3d 560, 561 [2008]; *Terranova v Finklea*, 45 AD3d 572, 573 [2007]).

In light of our determination, the appeal from the order dated December 14, 2009, has been rendered academic. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.