■ BRUNA DEMARQUEZ, Appellant, v ANGELO GALLO et al., Respondents. [943 NYS2d 169]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Balter, J.), dated April 11, 2011, which denied her motion for leave to renew her prior motion to restore the action to the trial calendar, which had been denied in an order of the same court dated August 4, 2009.

Ordered that the order dated April 11, 2011, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion for leave to renew her prior motion to restore the action to the trial calendar is granted, upon renewal, the order dated August 4, 2009, is vacated, the plaintiffs' motion to restore the action to the trial calendar is granted, and the action is restored to the trial calendar for an immediate trial without any further motion practice related to the restoration of the action.

On March 22, 2007, the plaintiff, a passenger in a motor vehicle, was involved in an accident with another motor vehicle, owned and operated by the defendants. The plaintiff commenced this action against the defendants to recover damages for personal injuries allegedly sustained by her as a result of the defendants' negligence. After the plaintiff filed a note of issue, on May 15, 2001, the parties appeared in the jury scheduling part to select a jury. On that day, the Supreme Court directed the transfer of the action to Civil Court, Kings County, pursuant to CPLR 325 (d). Due to a clerical error, the case was inadvertently marked off the trial calendar rather than transferred to the Civil Court.

Upon discovering this clerical error, the plaintiff moved to restore the case to the trial calendar. The Supreme Court denied that motion in an order dated August 18, 2004. The plaintiff appealed and, by decision and order dated May 23, 2006, this Court reversed the order dated August 18, 2004, vacated the dismissal of the action, and restored the action to the trial calendar (*see DeMarquez v Gallo*, 29 AD3d 853 [2006]).

Subsequent to this Court's decision and order dated May 23, 2006, restoring the action to the trial calendar, the plaintiff was erroneously informed by a clerk of the Supreme Court that she had to move again to restore the action. As a result, the plaintiff made a subsequent motion to restore the action, relying upon this Court's decision and order dated May 23, 2006. The Supreme Court denied the plaintiff's motion in an order dated August 4, 2009.

After first moving unsuccessfully to reargue the motion to restore, the plaintiff moved for leave to renew her motion to restore the action to the trial calendar. In the order appealed from, the Supreme Court denied the plaintiff's motion for leave to renew. The plaintiff appeals and we reverse.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; see Matter of Choy v Mai Ling Lai, 91 AD3d 772 [2012]; Ferdico v Zweig, 82 AD3d 1151, 1153 [2011]; Barnett v Smith, 64 AD3d 669, 670 [2009]; Chernysheva v Pinchuck, 57 AD3d 936 [2008]; Dinten-Quiros v Brown, 49 AD3d 588 [2008]; Madison v Tahir, 45 AD3d 744 [2007]). The requirement that a motion for renewal must be based on new facts is a flexible one (see Dervisevic v Dervisevic, 89 AD3d 785, 787 [2011]; J.D. Structures v Waldbaum, 282 AD2d 434, 436 [2001]; Cole-Hatchard v Grand Union, 270 AD2d 447, 447 [2000]; Daniel Perla Assoc. v Ginsberg, 256 AD2d 303 [1998]). Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the motion for leave to renew (see Del Bene v Frank C. Perry, DDS, P.C., 83 AD3d 771, 772 [2011]; Daria v Beacon Capital Co., 299 AD2d 312 [2002]; Malik v Campbell, 289 AD2d 540 [2001]). In addition, upon renewal, the Supreme Court should have granted the plaintiff's motion to restore the case to the trial calendar (see DeMarquez v Gallo, 29 AD3d at 853; see also Kahgan v Alwi, 67 AD3d 742 [2009]; Rodriguez v United Parcel Serv., Inc. of Ohio, 17 AD3d 658, 658 [2005]; Magnone v Gemm Custom Brokers, Inc., 17 AD3d 412 [2005]). Balkin, J.P., Chambers, Hall and Austin, JJ., concur.