■ SUSAN ROCCO, Appellant, v FAMILY FOOT CENTER, Defendant, and STANLEY J. ZAWADA, Respondent. (And a Third-Party Action.) [942 NYS2d 607]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered October 22, 2010, which denied her motion (a) pursuant to CPLR 5015 (a) (1) to vacate an order of the same court entered May 22, 2009, granting the motion of the defendant Stanley J. Zawada pursuant to CPLR 3404 to dismiss the complaint for failure to prosecute, upon her default in opposing the motion, (b) to restore the action to the trial calendar, and (c) pursuant to CPLR 3124 to compel the defendant Stanley J. Zawada to appear for a deposition.

Ordered that the order entered October 22, 2010, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion (a) pursuant to CPLR 5015 (a) (1) to vacate the order entered May 22, 2009, (b) to restore the action to the trial calendar, and (c) pursuant to CPLR 3124 to compel the defendant Stanley J. Zawada to appear for a deposition is granted, the motion of the defendant Stanley J. Zawada pursuant to CPLR 3404 to dismiss the complaint for failure to prosecute is denied, and the matter is remitted to the Supreme Court, Queens County, to schedule depositions.

The plaintiff sought treatment from November 1, 2001, through March 15, 2002, from the defendant Stanley J. Zawada, a podiatrist, doing business as the defendant Family Foot Center.

The plaintiff commenced this action to recover damages for medical malpractice against Zawada and Family Foot Center. The plaintiff alleged that Zawada negligently performed operations on both of her feet, causing her to have to seek further treatment from the third-party defendant, Charles Lombardi, to correct the conditions allegedly caused by Zawada's negligent treatment.

The plaintiff and Zawada attended a preliminary conference at which dates were scheduled for depositions. The plaintiff contended that Zawada adjourned these court-ordered depositions. The parties then appeared for a compliance conference at which the court directed that the depositions were to be conducted on December 14, 2005, and the plaintiff was to file her note of issue by March 3, 2006. Zawada commenced a third-party action against Lombardi in the interim. As a result, the depositions were adjourned. Nevertheless, the plaintiff filed her note of issue by March 3, 2006, in accordance with the compliance conference order.

On January 10, 2007, the parties entered into a so-ordered stipulation to strike the case from the trial calendar. They also agreed that depositions were to be conducted within 60 days of the stipulation, and that the plaintiff had to move to restore the action to the trial calendar by July 13, 2007.

The plaintiff did not move to restore the action to the trial calendar until after July 13, 2007. The Supreme Court denied the plaintiff's motion without prejudice to renew after she obtained an affidavit of merit. In the meantime, the plaintiff attempted to schedule the depositions. The plaintiff's counsel made phone calls to Zawada's and Lombardi's counsel, and sent letters advising them of her availability, although the depositions were not scheduled. While the plaintiff's counsel was in contact with Zawada's and Lombardi's counsel to schedule the depositions, Zawada moved pursuant to CPLR 3404 to dismiss the complaint for failure to prosecute.

Although the plaintiff's counsel was served with Zawada's motion, counsel failed to diary the return date. As a result, Zawada's motion was granted without opposition in an order entered May 22, 2009.

Almost a year later, on April 20, 2010, Lombardi served the plaintiff with a copy of the order entered May 22, 2009, with notice of entry. The plaintiff was unaware that the complaint had been dismissed until she received the notice of entry of the order. The plaintiff then moved by notice of motion dated May 14, 2010, (a) pursuant to CPLR 5015 (a) (1) to vacate the order entered May 22, 2009, (b) to restore the action to the trial

calendar, and (c) pursuant to CPLR 3124 to compel Zawada to appear for a deposition. In the order appealed from, the Supreme Court denied the plaintiff's motion. The plaintiff appeals, and we reverse.

In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion (*see Thapt v Lutheran Med. Ctr.*, 89 AD3d 837, 837 [2011]; *Bazoyah v Herschitz*, 79 AD3d 1081, 1081 [2010]; *Raciti v Sands Point Nursing Home*, 54 AD3d 1014 [2008]; *Montague v Rivera*, 50 AD3d 656, 657 [2008]; *St. Rose v McMorrow*, 43 AD3d 1146 [2007]). Here, the plaintiff established that her failure to oppose Zawada's motion was neither willful nor deliberate (*see Raciti v Sands Point Nursing Home*, 54 AD3d 1014 [2008]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389 [2008]; *Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Constr. Corp.*, 45 AD3d 634 [2007]). Her attorney's affirmation established that the failure of the attorney's firm to diary the return date of Zawada's motion was inadvertent and an isolated incident.

The plaintiff also established that her opposition to Zawada's motion was potentially meritorious. In opposition to a motion pursuant to CPLR 3404 to dismiss the complaint for failure to prosecute, the plaintiff must "demonstrate a [potentially] meritorious cause of action, a reasonable excuse for the delay, and a lack of intent to abandon the action, and that the defendant[ ] would not be prejudiced by the delay" (*Botsas v Grossman*, 51 AD3d 617, 617 [2008]). Here, the plaintiff demonstrated through the affidavit of her expert that she had a potentially meritorious cause of action (*see Kahgan v Alwi*, 67 AD3d 742 [2009]; *Rodriguez v United Parcel Serv., Inc. of Ohio*, 17 AD3d 658, 658 [2005]; *Sanchez v Denkberg*, 284 AD2d 446 [2001]). The plaintiff also demonstrated a reasonable excuse for her delay in moving to restore the action to the trial calendar and her lack of intent to abandon the action through her attorney's affirmation and exhibits presented on the motion and in reply, which showed that her attorney had been diligently attempting to schedule the depositions, but was unable to do so as of the date of Zawada's motion (*see Kahgan v Alwi*, 67 AD3d 742 [2009]; *Rodriguez v United Parcel Serv., Inc. of Ohio*, 17 AD3d at 658; *Sanchez v Denkberg*, 284 AD2d 446 [2001]). In addition, the plaintiff demonstrated that Zawada and Lombardi would not suffer any prejudice if the action was restored to the trial calendar (*see Kahgan v Alwi*, 67 AD3d 742 [2009]; *Rodriguez v United Parcel Serv., Inc. of Ohio*, 17 AD3d at 658; *Sanchez v*

*Denkberg,* 284 AD2d 446 [2001]). The plaintiff also acted promptly to cure her default upon learning of it (*see Raciti v Sands Point Nursing Home,* 54 AD3d at 1014).

In light of the foregoing, the plaintiff established that the Supreme Court improvidently exercised its discretion by denying those branches of her motion which were pursuant to CPLR 5015 (a) (1) to vacate the order entered May 22, 2009, and to restore the action to the trial calendar (*see Kahgan v Alwi,* 67 AD3d 742 [2009]). The Supreme Court also improvidently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3124 to compel Zawada to appear for a deposition before trial given Zawada's failure to comply with prior court orders (*see* CPLR 3124).

Accordingly, the Supreme Court should have granted the plaintiff's motion, and thereupon denied Zawada's motion to dismiss the complaint for failure to prosecute, and we remit the matter to the Supreme Court, Queens County, to schedule depositions. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.