In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 9, 2011, which denied her motion, in effect, for leave to renew her prior motion to restore the action to active status, which had been denied in an order of the same court dated May 18, 2010.
Ordered that the order dated May 9, 2011, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiffs motion, in effect, for leave to renew her prior motion to restore the action to active status is granted, upon renewal, the order dated May 18, 2010, is vacated, the plaintiffs’ motion to restore the action to active status is granted, and the action is restored to active status without the necessity of any further motion practice related to the restoration of the action.
In October 2005, the plaintiff commenced this action to recover damages for personal injuries allegedly sustained in a November 2002 motor vehicle accident. On November 20, 2007, the plaintiff apparently failed to appear for a compliance conference, and the case was marked “other final disposition],” and removed from active status. At that time, no note of issue had been filed. In an order dated May 18, 2010, the Supreme Court denied the plaintiff’s motion to restore the action to active status. In the order appealed from, dated May 9, 2011, the Supreme Court denied the plaintiffs motion, in effect, for leave to renew the prior motion. The plaintiff appeals from the order dated May 9, 2011, and we reverse.
A motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination” and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 *658 [e] [2], [3]; see DeMarquez v Gallo, 94 AD3d 1039, 1040 [2012]; Matter of Choy v Mai Ling Lai, 91 AD3d 772 [2012]; Ferdico v Zweig, 82 AD3d 1151, 1153 [2011]). The requirement that a motion for leave to renew must be based on new facts is a flexible one (see Dervisevic v Dervisevic, 89 AD3d 785, 787 [2011]; J.D. Structures v Waldbaum, 282 AD2d 434, 436 [2001]; ColeHatchard v Grand Union, 270 AD2d 447, 447 [2000]; Daniel Perla Assoc. v Ginsberg, 256 AD2d 303 [1998]).
Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the motion for leave to renew (see DeMarquez v Gallo, 94 AD3d at 1040; Del Bene v Frank C. Perry, DDS, P.C., 83 AD3d 771, 772 [2011]; Daria v Beacon Capital Co., 299 AD2d 312 [2002]; Malik v Campbell, 289 AD2d 540 [2001]).
Here, the action was never formally dismissed, as the calendar procedures of CPLR 3404 do not apply to pre-note of issue actions (see Lopez v Imperial Delivery Serv., 282 AD2d 190, 193-194 [2001]), no 90-day notice was ever issued pursuant to CPLR 3216 (see Wasif v Khan, 82 AD3d 1084 [2011]; Lopez v Imperial Delivery Serv., 282 AD2d at 194), and no order was issued dismissing the action under 22 NYCRR 202.27 (see Mitskevitch v City of New York, 78 AD3d 1137, 1138 [2010]; Grant v County of Nassau, 28 AD3d 714 [2006]; Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510, 511 [2005]; Bar-El v Key Food Stores Co., Inc., 11 AD3d 420, 421 [2004]). Accordingly, the plaintiff properly moved to restore the action to active status, rather than moving to vacate a dismissal of an action.
Under these circumstances, upon renewal, the Supreme Court should have granted the plaintiffs motion to restore the case to active status (see Varricchio v Sterling, 86 AD3d 535 [2011]; Mitskevitch v City of New York, 78 AD3d at 1138; Casavecchia v Mizrahi, 62 AD3d 741, 742 [2009]; Burdick v Marcus, 17 AD3d 388 [2005]; 123X Corp. v McKenzie, 7 AD3d 769 [2004]; Lopez v Imperial Delivery Serv., 282 AD2d at 191).
The defendants’ remaining contentions are without merit. Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.
Motion by the respondents Pinnacle Bus Services and Jesus Figueroa on an appeal from an order of the Supreme Court, Kings County, dated May 9, 2011, to dismiss the appeal on the ground that the appellant’s attorneys do not have standing to represent the appellant, and that the notice of appeal filed by the appellant’s attorneys is a nullity. By decision and order on motion of this Court dated February 9, 2012, the motion was *659 held in abeyance and was referred to the panel of Justices hearing the appeal for determination upon the argument or submission of the appeal.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,
Ordered that the motion is denied (see Martin v Chase & Sons, 119 AD2d 888 [1986]; Vitale v La Cour, 92 AD2d 892, 893 [1983]; Mack v Edell, 1 AD2d 937 [1956]; Hendry v Hilton, 283 App Div 168, 171-172 [1953]; Gradl v Saulpaugh, 268 App Div 787 [1944]). Dillon, J.P., Leventhal, Austin and Roman, JJ., concur.