<partyblock>

Atlantic Radiology Imaging, P.C., as Assignee of Thania Chanlette, Appellant,

against

Metropolitan Property and Casualty Ins. Co., Respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered May 9, 2014. The order denied plaintiff's motion to vacate a prior order of the same court (Reginald A. Boddie, J.) entered August 8, 2012 which granted, on default, defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order entered May 9, 2014 is affirmed, with $25 costs.

In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, alleging that the claims at issue had been timely and properly denied based upon plaintiff's assignor's failure to appear at duly scheduled examinations under oath (EUOs). On February 17, 2012, the return date of the motion, the parties stipulated that plaintiff would serve any written opposition to the motion and/or a cross motion by June 8, 2012, and that the return date of the motion would be adjourned to August 8, 2012. No written opposition was filed by the return date, and the Civil Court (Reginald A. Boddie, J.), in an order entered August 8, 2012, granted defendant's unopposed motion for summary judgment dismissing the complaint.

On August 23, 2013, plaintiff moved to vacate the August 8, 2012 order, stating that plaintiff had a reasonable excuse for the default and a meritorious opposition to defendant's motion. Plaintiff's counsel, in a supporting affirmation, conceded that plaintiff had received notice of the entry of the order on August 23, 2012. She further stated that the default was a result of her extensive workload, and that "there was no briefing schedule scanned into our system for the submission for written opposition." In addition, plaintiff had a meritorious opposition to defendant's motion in that defendant had failed to establish that the EUO scheduling letters had been properly addressed and timely mailed, and that the assignor had failed to appear at the EUOs. Defendant opposed plaintiff's motion.

In an order entered May 9, 2014, the Civil Court (Katherine A. Levine, J.) denied plaintiff's motion on the ground that the motion was properly one for reargument and,

therefore, should have been made before Judge Boddie. Plaintiff appeals from the May 9, 2014 order, and we affirm, albeit for reasons other than those stated by the Civil Court.

Contrary to the determination of the Civil Court, vacatur of an order granted upon the default of a party in opposing a motion should be sought by a motion pursuant to CPLR 5015, [*2]not by a motion for leave to renew or reargue (see e.g. Raciti v Sands Point Nursing Home, 54 AD3d 1014 [2008]; Friendly Physician, P.C. v GEICO Ins. Co., 29 Misc 3d 129[A], 2010 NY Slip Op 51772[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). In addition, there is no requirement that a motion to vacate an order made upon default be made to the judge who signed the prior order (see CPLR 2221 [a] [1]; Patron v Mutual of Omaha Ins. Co., 129 AD2d 572 [1987]). Consequently, the Civil Court incorrectly determined that plaintiff's motion was actually a motion for leave to reargue which should have been made before Judge Boddie.

In order to vacate the August 8, 2012 order based upon excusable default (CPLR 5015 [a] [1]), plaintiff was required to demonstrate a reasonable excuse for the default and a potentially meritorious opposition to defendant's summary judgment motion (see Thapt v Lutheran Med. Ctr., 89 AD3d 837 [2011]; Bazoyah v Herschitz, 79 AD3d 1081 [2010]; Raciti v Sands Point Nursing Home, 54 AD3d 1014; Montague v Rivera, 50 AD3d 656 [2008]; St. Rose v McMorrow, 43 AD3d 1146 [2007]). Plaintiff's excuse
amounts to a claim of law office failure. As such excuse was vague, undetailed and unsubstantiated, it did not constitute a reasonable excuse for the default (see Chechen v Spencer, 68 AD3d 801 [2009]; Murray v New York City Health & Hosps. Corp., 52 AD3d 792, 793 [2008]; St. Luke's Roosevelt Hosp. v Blue Ridge Ins. Co., 21 AD3d 946, 947 [2005]). Furthermore, plaintiff failed to explain its one-year delay, following its receipt of notice of the entry of the default order, in moving to vacate that order (see e.g. Johnson v Nello Homes, Inc., 159 AD2d 562 [1990]).

Moreover, plaintiff did not demonstrate a potentially meritorious opposition to defendant's motion for summary judgment. We find no merit to plaintiff's contentions that defendant failed to establish that the EUO scheduling letters had been properly addressed and timely mailed, or that the assignor had failed to appear at the EUOs. In support of defendant's motion for summary judgment, defendant submitted an affidavit of its administrative assistant and an affidavit of its Special Investigations Unit (SIU) investigator, accompanied by certified transcripts made after the assignor's EUO nonappearances. These documents sufficiently described the standard practices and procedures of defendant's office for proper and timely mailing of the EUO scheduling letters (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; ARCO Med. NY, P.C. v Lancer Ins. Co., 34 Misc 3d 134[A], 2011 NY Slip Op 52382[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]) and established that plaintiff's assignor had failed to appear for either of the two duly scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Olmeur Med., P.C. v Nationwide Gen. Ins. Co., 41 Misc 3d 143[A], 2013 NY Slip Op 52031[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), thereby demonstrating that plaintiff's assignor had failed to comply with a condition precedent to coverage (see Stephen Fogel Psychological, P.C., 35 AD3d at 722).

Accordingly, the May 9, 2014 order is affirmed.

Weston, J.P., Pesce and Aliotta, JJ., concur.

Decision Date: March 11, 2016

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>