1825 Madison Retail, LLC, Petitioner-Landlord-Respondent, 
against
Exclusive Dental Studios, PLLC, Respondent-Tenant-Appellant.



Tenant appeals from an order of the Civil Court of the City of New York, New York County (Carol R. Sharpe, J.), entered February 16, 2018, which denied its motion to vacate a default final judgment in a holdover summary proceeding.




Per Curiam.
Order (Carol R. Sharpe, J.) entered February 16, 2018, reversed, with $10 costs, motion granted, default final judgment vacated and the matter remanded to Civil Court for further proceedings on the holdover petition.
Civil Court improperly refused to consider the merits of the commercial tenant's motion to vacate its default. Contrary to the conclusion reached below, the motion was not required to be made to the Judge who rendered the default order and final judgment (see CPLR 2221[a][1]; Patron v Mutual of Omaha Ins. Co., 129 AD2d 572 [1987]), especially since that Judge had recused herself from further proceedings in the matter (see CPLR 2221[a]; Matter of Pettus v Board of Directors, 155 AD3d 485, 486 [2017]). Nor is tenant's remedy to appeal the November 30, 2017 determination, as indicated by Civil Court, since "[a] party cannot appeal from a judgment or order entered against it upon its default" (Ana Link, Ltd. v Mega U.S.A., Inc., 90 AD3d 472 [2011]).
Turning to the merits of the motion, our review of the record discloses no reason to depart from this State's preference for resolving controversies on the merits (see Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [2011]). While tenant's excuse for its unreadiness to proceed on the scheduled trial date (see 22 NYCRR § 208.14[b]) is not particularly compelling, it expeditiously moved for vacatur relief, its submissions indicate that it possesses a meritorious defense and there is no indication that landlord would suffer any prejudice if the default was vacated (see Casiano v City of New York, 245 AD2d 244 [1997]). Accordingly, we favorably exercise our discretion and grant tenant's motion.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 15, 2019