Advanced Remodeling of Long Is., Inc. v Monahan (2019 NY Slip Op 06579)





Advanced Remodeling of Long Is., Inc. v Monahan


2019 NY Slip Op 06579


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-01724
 (Index No. 13207/13)

[*1]Advanced Remodeling of Long Island, Inc., et al., respondents, 
v
Mary Ann Monahan, appellant.


Jules A. Epstein, P.C., Uniondale, NY, for appellant.
Campanelli & Associates, P.C., Merrick, NY (Andrew J. Campanelli and Amanda R. Disken of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered January 19, 2018. The order denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated October 12, 2017, which, in effect, struck her answer, directed dismissal of her counterclaims, and scheduled an inquest on the issue of the plaintiffs' damages, upon her failure to appear for a compliance conference.
ORDERED that the order entered January 19, 2018, is reversed, on the law and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 5015(a)(1) to vacate the order dated October 12, 2017, is granted.
The defendant's attorney failed to appear at a compliance conference, which had been adjourned at his request to October 5, 2017, resulting in an order dated October 12, 2017, in effect, striking the defendant's answer, directing dismissal of her counterclaims, and scheduling an inquest on the issue of the plaintiffs' damages. The Supreme Court denied the defendant's subsequent motion pursuant to CPLR 5015(a)(1) to vacate the order dated October 12, 2017, and the defendant appeals.
In order to vacate a default in appearing at a scheduled court conference, a party must demonstrate both a reasonable excuse for the default and a potentially meritorious defense or cause of action (see Millard v Wyche, 164 AD3d 778, 779-780; Lee v Latendorf, 162 AD3d 1002, 1003). Here, the defendant's excuse for the default was that it resulted from law office failure, as her attorney neglected to note the adjourned conference date in his calendar. Contrary to the Supreme Court's determination, this was a reasonable excuse, particularly considering that the default was an isolated incident, the defendant promptly moved to vacate the order entered upon the default, and the plaintiffs were not prejudiced (see Rocco v Family Foot Ctr., 94 AD3d 1077, 1079; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392; Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Constr. Corp., 45 AD3d 634; Mothon v ITT Hartford Group, 301 AD2d 999; Barsel v Green, 264 AD2d 649).
Moreover, the defendant established that she had a potentially meritorious defense [*2]to the complaint, and potentially meritorious counterclaims (see Wilner v Village of Roslyn, 163 AD3d 898, 900; Marinoff v Natty Realty Corp., 17 AD3d 412, 413; Liotti v Peace, 15 AD3d 452).
Accordingly, the defendant's motion to vacate the order dated October 12, 2017, should have been granted.
MASTRO, J.P., RIVERA, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court